## STATE v. PRESSLER.

APPEAL AND ERROR—EXCEPTIONS OF PROSECUTING ATTORNEY—INSTRUCTIONS—CRIMINAL LAW—HOMICIDE—SANITY OF ACCUSED—EVIDENCE—BURDEN OF PROOF.

1. Upon exceptions of the prosecuting attorney to the refusal of requested instructions in a criminal case, where the evidence is not in the record, the only question to be determined is whether the instructions should have been given under any provable state of facts in the case.

2. Upon exceptions of the prosecuting attorney to the refusal of requested instructions, where the evidence is not in the record, but it appears that the court instructed on its own motion upon the question involved, it is proper to assume that there was evidence authorizing an instruction upon the point.

3. Instructions in a homicide case to the effect that the burden is upon the defendant to overcome the legal presumption of his sanity by a preponderance of the evidence is held to have been properly refused.

4. The presumption that all men are sane and capable of understanding the nature and consequences of their acts, until the contrary is shown, is a rule of evidence applicable to criminal prosecutions, and it has the force of evidence sufficient, if uncontradicted, to establish the sanity of the

defendant. When, however, the right to a conviction is challenged by evidence tending to show defendant's insanity, the burden of proof does not shift, but still rests upon the prosecution to show that the defendant was criminally responsible.

5. An instruction in a homicide case approved to the effect that the presumption of defendant's sanity stands until overcome by the evidence coming either from the state or defense; that upon all the evidence the burden is on the state to prove beyond a reasonable doubt everything essential to constitute the crime, including the sanity of the defendant; and that if the jury, upon all the evidence, have a reasonable doubt whether the defendant was legally capable of committing the crime, it is their duty to acquit.

[Decided December 21, 1907.]              (92 Pac., 806.)

EXCEPTIONS by prosecuting attorney. From the District Court, Laramie County, HON. RODERICK N. MATSON, Judge.

On the trial of Ray H. Pressler for murder in the first degree, the prosecuting attorney excepted to the refusal of certain instructions requested by him as to the burden of proof on the question of insanity, and filed his bill showing such exceptions, pursuant to Sections 5378-5381, Revised Statutes 1899. The instructions so refused are set forth in the opinion.

*W. E. Mullen,* Attorney General; *Clyde M. Watts,* County and Prosecuting Attorney, and *J. E. Dyer,* Assistant County and Prosecuting Attorney, for the exceptions.

The presumption that all men are sane is well established. (Keffer v. State, 12 Wyo., 63.) It is contended for the State that where insanity is urged as a defense in a criminal case, it devolves upon the defendant to overcome the presumption of sanity by a fair preponderance of the evidence in the case. And as insanity is a general term, the proof should go to the extent of showing a degree of insanity or mental unbalance sufficient to preclude all criminal

responsibility. As the great majority of insane persons are harmless and not disposed to violence, there can be no reasonable presumption that insane persons as a class will' commit crime or do violence. Therefore, the mere suggestion of facts tending to show a probability of insanity, or some mental disorder on the part of a defendant, should not create the presumption of a lack of criminal responsibility and require the State to prove the sanity and criminal responsibility of defendant beyond all reasonable doubt, where insanity is relied upon as a defense. In cases where insanity exists, the law provides a method of inquiry independent of a criminal trial, whereby the condition of a supposed insane person may be inquired into and determined by a jury. Insanity suggested for the first time on a criminal trial should be classed as an affirmative defense, to be established in the same manner as any other defense, and according to the same rules of evidence. There is no lack of adjudicated cases on the subject. The rule supported by the great weight of authority is that the burden is on a defendant to prove his insanity by a preponderance of the evidence. (Coates v. State, 50 Ark., 330; State v. Redemier, 71 Mo., 173; Graves v. State, 45 N. J. L., 347; Com. v. Rogers, 7 Metc., 500; State v. McCoy, 34 Mo., 531; Kelch v. State, 55 O. St., 146; Ryder v. State, 100 Ga., 528; State v. Trout, 74 Ia., 545; State v. Alexander, 30 S. C., 74; Keener v. State, 97 Ga., 388; State v. Wright, 134 Mo., 404; State v. Bell, 136 Mo., 120; People v. Bell, 49 Cal., 485; People v. Allender, 117 Cal., 81; People v. Hettick, 126 Cal., 425; State v. Parks, 93 Me., 208; State v. Quigley, 26 R. I., 263; State v. Clark, 34 Wash., 485; Carr v. State, 96 Ga., 284; Parsons v. State, 81 Ala., 577; State v. Scott, 49 La. Ann., 253; State v. Lewis, 20 Nev., 333; State v. Hartley, 22 Nev., 342; People v. Wells (Cal.), 78 Pac., 470; People v. Wilson, 49 Cal., 13; Lide v. State, 133 Ala., 43; Gentz v. State, 58 N. J. L., 482; State v. Hunble, 126 Ia., 462; Brown v. Com., 14 Bush., 398; Kaelin v. Com., 84 Ky., 354; State v. York, 9 Metc., 93;

State v. Duestrow, 137 Mo., 44; State v. Hanley, 34 Minn., 430; State v. Austin, 71 O. St., 317; State v. Hanson, 36 Pac., 296 (Ore.); 35 Pac., 796; Com. v. Kilpatrick, 204 Pa. St., 218; State v. Statke, 1 Strob. (S. C.), 479; State v. Coleman, 20 S. C., 441; State v. Cole, 45 Atl., 391 (Del.); Longley's Case, 99 Va., 814; State v. Stroder, 11 W. Va., 475; Casat v. State, 40 Ark., 511; People v. Donnelly, 135 Cal., 489; State v. Lawrence, 57 Me., 574.)

The question has been decided in one way or another in almost every state. The number of decisions any one way should not govern. The result most desirable is a rule based upon sound and logical reasoning supported by principles of exact and impartial justice as between the prosecution and the accused. A line of authorities hold that if a jury have a reasonable doubt as to whether the accused is sane or not, they may acquit and that while the burden rests with the defendant to introduce evidence to raise this doubt, such evidence need not preponderate, but it is ample if it is sufficient to produce a reasonable doubt. (Hopps v. People, 31 Ill., 385; State v. Bartlett, 43 N. H., 244; Polk v. State, 19 Ind., 94; Plake v. State, 121 Ind., 433; Dacey v. People, 116 Ill., 555; Hoteman v. U. S., 186 U. S., 413; German v. U. S., 120 Fed., 666; State v. People, 23 Mont., 358; Maas v. Terr., 10 Okl., 714; State v. Shuff, 9 Ida., 14; State v. Wetter (Ida.), 83 Pac., 341.) According to either rule it is well settled that the defendant must introduce some evidence in support of a defense of insanity.

*T. Blake Kennedy, contra,* maintained that the most logical and the fairest rule is that requiring the sanity of an accused to be established beyond a reasonable doubt, like any other element of the crime, and cited: Jones v. People, 47 Pac. (Colo.), 276; Maas v. Terr., 63 Pac. (Okla.), 960; State v. Nixon, 4 Pac. (Kan.), 159; State v. Peel, 59 Pac. (Mont.), 199; Faulkner v. Territory, 30 Pac. (N. M.), 905; Ford v. State, 73 Miss., 734; Cunningham v. State, 56 Miss., 269; State v. Bartlett, 43 N. H., 224; State v.

Pike, 49 N. H., 399; Ballard v. State, 19 Neb., 609; Knights v. State, 58 Neb., 225; Flanagan v. People, 52 N. Y., 467; Brotherton v. People, 75 N. Y., 159; O'Connell v. People, 87 N. Y., 377; Moett v. People, 85 N. Y., 373; People v. Taylor, 138 N. Y., 398; Anderson v. State, 42 Ga., 9; Polk v. State, 19 Ind., 170; Stevens v. State, 31 Ind., 485; Armstrong v. State, 27 Fla., 367; Brown v. State, 91 Tenn., 617; Hopp v. People, 31 Ill., 385; Chase v. People, 40 Ill., 352; Dacey v. People, 116 Ill., 555; Langdon v. People, 133 Ill., 382; Montag v. People, 141 Ill., 75; Hornish v. People, 142 Ill., 620; Jameson v. People, 145 Ill., 357; Lilly v. People, 148 Ill., 467; State v. Coleman, 20 S. C., 441; People v. Garbutt, 17 Mich., 9; King v. State, 9 Tex. App., 515; Revoir v. State, 82 Wis., 295; U. S. v. Faulkner, 35 Fed., 730; Davis v. U. S., 160 U. S., 469; Hotema v. U. S., 186 U. S., 413.

BEARD, JUSTICE.

This case comes to this court under the provisions of Sections 5378, 5379, 5380 and 5381, Revised Statutes of 1899, upon exceptions taken by the county and prosecuting attorney to the ruling of the district court in refusing to give to the jury certain instructions requested by the prosecution.

The facts of the case as shown by the record are, that the defendant was charged in an information filed in the district court of Laramie County by the county and prosecuting attorney with the crime of murder in the first degree. At the proper time during the trial of the case the county and prosecuting attorney requested the court to instruct the jury as follows:

"You are instructed that it is a presumption of law that all men are of sound mind; and that presumption of law sustains the burden of proof, unless it is rebutted and overcome by satisfactory evidence to the contrary. In order to overcome the presumption of law, and shield the defendant from legal responsibility, the burden is on him to prove, to

the satisfaction of the jury, by a preponderance of the whole evidence in the case, that at the time of committing the homicide he was not of sound mind." And, "You are instructed that every man is presumed to be sane, and to intend the natural and usual consequences of his own acts. As the law presumes a man to be sane until the contrary is shown, I charge you that the burden of proving insanity as a defense to a crime is upon the defendant to establish by a preponderance of the evidence, and unless insanity is established by a fair preponderance of the evidence the presumption of sanity must prevail."

The court refused to give these instructions, to which ruling exceptions were taken, and the court on its own motion instructed the jury as follows: "The law presumes the defendant to be sane; it presumes all men to be sane till the contrary is shown. This presumption of law stands until it is met and overcome by the evidence in the case. This evidence may come, of course, as well from the witnesses for the State as the witnesses for the defense; and when the evidence is all in, the jury must be satisfied, in order to convict the prisoner, not only of the doing of the acts which constitute murder, but that they proceeded from a responsible agent, one capable of committing the offense. The burden is upon the State to prove everything essential beyond a reasonable doubt, and that burden, so far as the matter of sanity is concerned, is ordinarily satisfactorily sustained by the presumption that every person of sufficient age is of sound mind and understands the nature of his acts. But when the circumstances are all in on the one side and on the other, on the one side going to show the want of capacity, on the other side going to show usual intelligence, when the whole is in, the burden rests upon the State to prove the case beyond a reasonable doubt. And if the jury, upon all the evidence, have a reasonable doubt whether he was legally capable of committing crime, then it is your duty to acquit the defendant."

This court being of the opinion that the question presented should be decided upon to govern in similar cases

which may be pending or which may hereafter arise in the State, allowed the bill of exceptions to be filed under the provision of Sections 5380 and 5381, *supra*.

The record brought to this court does not contain the evidence and, therefore, the only question to be determined is, whether the court should have given the instructions requested under any provable state of facts in the case. The court having on its own motion instructed upon the question, we may assume that there was evidence in the case which authorized an instruction on the point, in as much as the decision of the question cannot effect the judgment in the case, and is sought for the purpose of determining the rule of law to govern in the future and for a due and uniform administration of the criminal law.

In criminal cases where the defense of insanity is interposed, three different rules as to the burden of proof of insanity have been adopted. In a few jurisdictions the rule is that the burden rests upon the defendant to establish his insanity, at the time of the commission of acts charged, beyond reasonable doubt. This view has not met with much favor, the overwhelming weight of authority being against it. Another rule, viz.: that the burden is upon the defendant to prove insanity by a preponderance of the evidence, has been adopted by the courts of last resort in many of the states, and is the one contended for by the attorneys for the State in this case, and they have cited in their brief cases from the states of Alabama, Arkansas, California, Georgia, Iowa, Kentucky, Louisiana, Maine, Massachusetts, Minnesota, Missouri, Nevada, New Jersey, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Rhode Island, Utah, Virginia, Washington and West Virginia. In the states of Oregon and Louisiana the matter is regulated by statute. The third rule, viz.: that the burden of proving the sanity of the defendant rests upon the prosecution and that it must do so beyond a reasonable doubt in order to convict, or, in other words, if upon all the evidence in the case the jury entertains a reasonable doubt as to the sanity of the defendant

at the time of the commission of the act, it should acquit, is the rule adopted in the states of Colorado, Connecticut, Delaware, Florida, Illinois, Indiana, Kansas, Michigan, Mississippi, Montana, Nebraska, New Hampshire, New York, Tennessee and Wisconsin, and in the territories of New Mexico and Oklahoma, and also by the supreme court of the United States. We shall not attempt a review of the numerous cases on the subject, but shall content ourselves with a brief statement of some of the reasons for our conclusion.

It is not every homicide that is criminal, but only those which are committed in the manner described in the statutes prescribing punishment therefor; and the crime does not consist of acts alone, but of "acts coupled with intentions animating minds capable of reason and reflection, and comprehending the distinction between right and wrong." When the statute declares that whoever purposely and with premeditated malice kills any human being is guilty of murder in the first degree, it makes the purpose or intent to kill, the premeditation or deliberation and the malice as much essential elements of the crime as the act of killing, and each must exist and be established beyond reasonable doubt before a jury will be warranted in convicting the defendant of that degree of murder. In People v. McCann, 16 N. Y., 58, it is said: "It certainly is true that sanity is the normal condition of the human mind, and in dealing with acts criminal or otherwise, there can be no presumption of insanity. But it is not true, I think, upon a traverse of an indictment for murder, when the defense of insanity is interposed and the homicide admitted, that the issue is reversed and the burden shifted. The burden is still the same, and it still remains with the prosecution to show the existence of those requisites or elements which constitute the crime; and of these the intention or *malus animus* of the prisoner is the principal. * * * It is doubtless true that, when the killing by the prisoner is established by proof, the law presumes malice, and a sufficient understanding and will

to do the act. The malicious purpose, the depravity of the heart, the sufficient understanding and will, must, however, actually exist. They are each of them as much of the essence of the crime as the act of killing. The rule which presumes their existence is a rule of evidence and nothing else, and when the law presumes their existence it recognizes and demands their presence as essential to constitute the crime. The jury must conscientiously believe they exist, or else they cannot convict. The killing of a human being by another is not necessarily murder or manslaughter. It may be either excusable or justifiable. It may have been effected under either of those conditions referred to by the elementary writers, in which the will does not join with the act, and then it is not criminal. We must be careful to distinguish between what constitutes proof, including those presumptions which the law regards as equivalent to proof in a criminal case, and what we understand by the burden of proof. By *onus probandi*, I understand, is meant the obligation imposed upon a party who alleges the existence of a fact or thing, necessary in the prosecution or defense of an action, to establish it by proof. It may be proved by the production of evidence in the usual way; or the law, under certain circumstances, in certain cases may presume its existence without proof. But it is nevertheless a part of the case of the party who alleges its existence, and to be made out beyond any reasonable doubt. Whenever it may be presumed to exist, in the absence of proof, the presumption may be repelled and overcome by evidence; and whenever the repelling proof leaves the fact to be established in doubt and uncertainty, the party making the allegation is the sufferer, and not his adversary. Sound memory and discretion at the time of the killing is oftentimes the only material question upon the trial of an indictment for murder. They are essential elements of the crime, to be established upon the trial as a part of the case of the prosecution." That the burden of proof in a criminal case rests upon the prosecution to prove every essential element constituting

the crime charged and that this burden never shifts to the
defendant, was held in Trumbull v. Territory, 3 Wyo., 280.
The charge in that case was murder in the first degree, and
the court instructed the jury as follows: "If you find the
killing to have been proved, and that defendant did the
killing, if the prosecution has failed to prove deliberation
and premeditation beyond a reasonable doubt, the law pre-
sumes such killing to be murder in the second degree, in
the absence of any further evidence. The burden then falls
upon the defendant to show either that such killing was
justifiable or excusable, or that it was attended by such
facts as would limit such killing to the crime of man-
slaughter." In commenting upon that instruction, Corn, J.,
said: "The subsequent part of the charge—'The burden,
then, falls upon the defendant to show either that such kill-
ing was justifiable or excusable,' etc.—is in line with the idea
first announced, * * * but if the defendant is presumed
to be innocent until his guilt is established, and if the pros-
ecutor must prove every material allegation of the indict-
ment—every element of guilt—beyond a reasonable doubt,
before he can ask for a conviction, how can the burden of
proof upon any question ever fall upon the defendant? If
the burden is ever upon him, it is the burden of proving
what? His innocence of the crime charged, or his innocence
of some element essential to constitute the crime charged.
But unless the prosecutor established every such element
beyond reasonable doubt the defendant must be acquitted.
* * * The doctrine that the burden never falls upon the
defendant does not arise *in favorem vitae,* or out of any
pity or sympathy for the prisoner, but it arises out of the
nature of what the sovereign power voluntarily undertakes
to do before it will ask a conviction for crime at the hands
of a jury."

The plea of "not guilty" in a criminal action puts in issue
every material allegation of the indictment or information,
and like a general denial in a civil action, casts the burden
of establishing the facts necessary to convict upon the pros-

ecution. The apparent—more than real—difference in the rules, we think, arises from a confusion of the rule in civil and in criminal cases. In the former, under a general denial, the plaintiff will recover unless his evidence is met and overcome by evidence of equal or greater weight; and if the jury believes from a consideration of all of the evidence in the case that the preponderance, however slight, is in favor of the plaintiff he will be entitled to a verdict. But in criminal cases, in order to convict, the prosecution is required to prove every material allegation of the indictment or information—every essential element of the crime charged—not only by a preponderance of the evidence, but to the satisfaction of the jury beyond a reasonable doubt. And if upon consideration of all of the evidence in the case there exists in the mind of the jury a reasonable doubt as to the existence of any one or more of those essential elements which must be proven to render the act criminal, the defendant is entitled to the benefit of that doubt and should be acquitted. For instance, where the charge is murder in the first degree and the killing is admitted or clearly proven, the burden still rests upon the prosecution to prove that such killing was done purposely and with premeditated malice, and a failure to establish either beyond reasonable doubt will entitle the defendant to an acquittal of that degree of crime. In order to prove that the homicide was committed purposely and with premeditation, it must necessarily appear that the defendant was mentally capable of forming a purpose and of deliberation. And it is in such a case that the rule of law that all men are presumed to be sane and capable of understanding the nature and consequences of their acts, until the contrary is shown, applies. It is a rule of evidence, and as sanity is the normal condition of the human mind, that condition is presumed, in the first instance, to exist and has the force of evidence sufficient, if uncontradicted, to establish the sanity of the defendant. That is it makes a *prima facie* case and nothing more, and when the right to a conviction is challenged by evidence in the case tending to

show the insanity of the defendant at the time of the homicide, the burden does not shift, but still rests with the prosecution to show that the defendant was criminally responsible. That seems to be the most reasonable rule and it is well stated by the author of the article on Insanity in 16 Ency. Law (2d Ed.), 617, as follows: "The rule, however, which seems to be best supported by reason and perhaps by authority, and which is certainly growing in favor, is that the presumption that all men are sane until evidence of the contrary appears has filled its mission when it has relieved the prosecution of the necessity of proving the prisoner's sanity in the first instance; and if in the progress of the trial, proof is adduced by either side tending to show the insanity of the accused, it then devolves on the prosecution to prove beyond a reasonable doubt every element of the crime, including the sanity of the prisoner, because the legal presumption of his innocence ought to shield him from punishment unless it is clearly shown that he possessed sufficient reason to form a guilty intent." It is difficult to understand how a juror could say that he was satisfied beyond a reasonable doubt that an act was committed purposely and with premeditated malice when at the same time there existed in his mind a reasonable doubt as to the ability of the one charged to either form a purpose or to deliberate upon an act he was about to commit. We are of the opinion that the instructions requested by the county and prosecuting attorney were properly refused and that the instruction as given by the court quite clearly and fairly presented the law of the case on that point to the jury.

POTTER, C. J., and SCOTT, J., concur.