## CIREJ v. STATE.

(No. 876; Decided December 23rd, 1916; 161 Pac. 556.)

HOMICIDE—INSTRUCTIONS—INSANITY—CRIMINAL LAW—BURDEN OF PROOF—HARMLESS ERROR—THREATS—"PREMEDITATED MALICE"—PUNISHMENT.

1. An instruction in a murder case, that before defendant can be excused on the ground of insanity, the jury must believe from the evidence that the defendant at the time of the killing was without sufficient reason to know what he was doing, was erroneous, since defendant may have had

sufficient reason to know what he was doing, and not have had reason sufficient to determine whether his act was right or wrong. The instruction was also objectionable as tending to mislead the jury as to the burden of proof, which was on the State to establish the sanity of defendant beyond a reasonable doubt, when the question of insanity is in issue, and there is evidence tending to prove insanity. (State v. Pressler, 16 Wyo. 214.)

2. In a murder case, an instruction tending to mislead the jury as to the burden of proof on the question of insanity was harmless where another portion of the charge directed an acquittal if the jury entertained a reasonable doubt as to defendant's sanity at the time of the homicide.

3. In a homicide case, it was not prejudicial to instruct that evidence had been introduced tending to show threats made by defendant against deceased prior to the homicide, and that such evidence should be taken in connection with all other evidence and considered in determining defendant's guilt or innocence.

4. An instruction given in a homicide case that to constitute "premeditated malice" no particular time need intervene between the formation of the intent and the act, it being enough if the intent to commit the act with the full apprehension of the result likely to follow was present at the time the act was committed, was erroneous for the reason that the instruction in effect informed the jury that defendant could be found guilty of murder in the first degree, if the intent to kill was present in the defendant's mind when the act was committed.

5. An instruction in a homicide case, which, after telling the jury that they could qualify their verdict by adding the words "without capital punishment," stated that in case of conviction it was the duty of the court to fix the penalty in its discretion within the limits prescribed by statute, was erroneous, in that the jury would naturally conclude therefrom that, if they did not qualify their verdict, the court had discretion to impose either the death penalty or life imprisonment.

ERROR to District Court, Lincoln County, HON. DAVID H. CRAIG, Judge.

Matt Cirej was convicted of murder in the first degree and brings error. The material facts are stated in the opinion.

*R. R. Rose,* for plaintiff in error.

The fifteenth instruction given by the court was erroneous in that it informed the jury that if they found defendant guilty of murder in the first degree "without capital punishment," the court might in its discretion fix the penalty within the limits prescribed by statute; the court has no discretion whatever in such cases, but is required by the statute to impose the death penalty.   (Section 5789, Compiled Statutes 1910 as amended by Chapter 87 of the Laws of 1915.) Neither the jury nor the court can under the law in case of conviction of first degree murder, fix any punishment other than death or life imprisonment; the jury were warranted in supposing that if they made no recommendation the court would have the right or discretion to impose punishment less than life imprisonment; the word "discretion" implies necessarily a choice between two or more alternatives; this statute does not clothe the court with discretion in fixing the penalty. When the jury have an option to choose between two alternative punishments, it is error to fail to instruct the jury fully as to the law in that regard. (Blashfield on Instructions, Sec. 187, citing numerous authorities.)    The sixth instruction given by the court is also erroneous.   Section 5789, Compiled Statutes 1910, as amended by Section 1, Chapter 87, Laws of 1915, defines the crime of murder in the first degree; premeditation is necessary. (Ross v. State, 57 Pac. 924.) A similar instruction is condemned in the Ross case.   It was impossible to save exceptions and present the errors in a motion for a new trial in the usual manner. The humane practice suggested by this court in State v. Yeager, 136 Pac. 1195-6, indicating that even though exceptions were not reserved at the trial of a capital case, the court will examine the record to ascertain whether errors have occurred that have deprived defendant of a fair trial; this rule is observed in many jurisdictions. (12 C. C. 721; 1 O. D. 229.)   This is a capital case, plaintiff in error now being under sentence of death.   The record presents obvious and serious errors and the judgment should be reversed.

*D. A. Preston,* Attorney General, for the State.

But two errors are assigned in the motion for a new trial, neither of which are mentioned, argued or discussed in the brief of plaintiff in error; the brief is confined to the discussion of two alleged errors, viz: the giving of instructions numbered fifteen and six; only such assignments as have been called to the attention of the court below by motion for a new trial will be considered on appeal. (C. B. & Q. R. R. Co. v. Hampman, 18 Wyo. 106; Ross v. State, 16 Wyo. 285; Phillips v. Brill, 15 Wyo. 521; Boswell v. Bliler, 8 Wyo. 277; Syndicate Imp. Co. v. Bradley, 6 Wyo. 171.) Errors not presented below by motion for a new trial will not be reviewed on appeal. (Dickerson v. State, 18 Wyo. 440; C. B. & Q. R. R. Co. v. Hampman, 18 Wyo. 106; Gustavenson v. State, 10 Wyo. 300; Ross v. State, 8 Wyo. 351; Boulter v. State, 6 Wyo. 66; Boburg v. Prahl, 3 Wyo. 325; Cook v. Terr., 3 Wyo. 110.) In view of the repeated decisions of this court, and the fact that plaintiff in error has no assignment or assignments of error properly before this court for its consideration upon the record filed herein, the judgment should be affirmed.

BEARD, JUSTICE.

The plaintiff in error, Matt Cirej, was convicted of murder in the first degree and sentenced to suffer death. From that judgment he brings error.

The case was tried in the district court of Lincoln county at the same term and immediately following the case of The State of Wyoming v. Daniel Parker, which case, entitled in this court Daniel Parker v. The State of Wyoming, was this day decided. The same attorney was appointed by the court to defend in this case as in the Parker case. The grounds for a new trial as contained in the motion therefore are, that the verdict was not sustained by sufficient evidence and is contrary to law; and that the court erred in giving instruction No. 17, and instruction No. 21. Each of those instructions was excepted to at the time, and all of the instructions are contained in the bill of exceptions; but

Nos. 17 and 21 are not mentioned or discussed in the brief of counsel for plaintiff in error, and under the rule, if strictly enforced, the objections thereto would be deemed waived. . But as this is a capital case and the entire record being before us we have examined the same for the purpose of ascertaining whether or not it discloses such fundamental error as deprived the defendant of a fair trial. The defense was insanity; and instruction No. 17 is as follows:

"The court instructs the jury that the law presumes every man sane until the contrary is shown by the evidence, and before the defendant can be excused on the ground of insanity the jury must believe from the evidence that the defendant at the time of the killing was without sufficient reason to know what he was doing, or that, as a result of mental unsoundness, he had not then sufficient will power to govern his action by reason of some insane impulse which he could not resist or control." The statement that before the defendant can be excused on the ground of insanity the jury must believe from the evidence that the defendant at the time of the killing was without sufficient reason to know what he was doing, is not a correct statement of the rule of law in such cases. The defendant may have had sufficient reason to have known what he was doing, and yet may not have had sufficient reason to determine the quality of his act as to whether it was right or wrong. The instruction is also objectionable as tending to mislead the jury as to the burden of proof. The rule in this state being, that when the question of insanity is in issue and there is evidence tending to prove insanity, the burden rests with the state to establish the sanity of the defendant beyond reasonable doubt. (State v. Pressler, 16 Wyo. 214, 92 Pac. 806, 15 Ann. Cas. 93.) The instruction does not, however, state that it devolved upon the defendant to prove his insanity, and the jury in another portion of the charge having been correctly informed that if it entertained a reasonable doubt as to defendant's sanity at the time, it should acquit him, we do not think that such prejudice is made to appear on that ac-

count as to warrant a reversal of the judgment. (Flanders
v. State, (Wyo.) 156 Pac. 39.)

We find nothing prejudicial in the 21st instruction. By
it the jury was told that evidence had been introduced tend-
ing to show threats made by defendant against the deceased
prior to the homicide; and that such evidence should be
taken in connection with all the other evidence and con-
sidered by the jury in determining the guilt or innocence of
the defendant.

The more serious and important questions arise on two
other instructions given to the jury and which are literal
copies of two instructions considered in Parker v. State,
supra. In the first of which instructions the court in de-
fining premeditated malice, which under the statute must be
alleged and proved in order to constitute murder in the first
degree, told the jury that "To constitute premeditated mal-
ice no particular time need intervene between the formation
of the intent and the act; it is enough if the intent to com-
mit the act with the full appreciation of the result likely to
follow, was present at the time the act was committed." In
the other instruction referred to above the jury was told
"that with the punishment which would follow a verdict of
conviction you have nothing to do, further than this: The
statute provides that in case you find the defendant guilty
of murder in the first degree, you may qualify your verdict
by adding thereto the words 'without capital punishment.'
In that event the death penalty could not follow, and the
only sentence which the court would have power to impose
would be life imprisonment. The right to add these words
to your verdict, and thus limit the power of the court to a
sentence of life imprisonment, is an absolute right given you
by statute, and your right to do so cannot be questioned,
either by the court or anyone else. Aside from this one
limitation, in this court the law casts the burden and duty
upon the court, in case of conviction, to fix the penalty in
its discretion within the limits prescribed by the statute," *
* * * * * Both of these instructions were considered

in the Parker case, supra, and held to be fundamentally er-
roneous, and prejudicial to defendant; and the reasons for
so holding are there stated and the authorities cited,. and
need not be here repeated. Following the decision in the
Parker case with respect to those two instructions, and for
the error in. instruction No. 17, the judgment of the district
court is reversed and the cause remanded for a new trial.

*Reversed.*

POTTER, C. J., concurs.
SCOTT, J., did not sit.