**Joseph Ralph (Mike) JARAMILLO, Appellant (Defendant below),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4238.**

Supreme Court of Wyoming.

Jan. 3, 1974.

James E. Sinon, Casper, for appellant (defendant below).

Clarence A. Brimmer, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., William M. Sutton, Sp. Asst. Atty. Gen., Cheyenne, for appellee (plaintiff below).

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and PEARSON, District Judge (Retired).

Mr. Chief Justice PARKER delivered the opinion of the court.

Defendant, Joseph Ralph Jaramillo, charged with the June 15, 1972, first degree murder of Charles Holloway, under § 6-54, W.S.1957, was convicted by a jury of second degree murder, under § 6-55, W.S. 1957, and was sentenced to life imprison-

ment in the state penitentiary. He has appealed, contending that the trial court (1) erroneously failed to instruct the jury on the testimony of an accomplice and the value to be assigned to such testimony and (2) erred in refusing to fix a minimum and maximum term of imprisonment.

Holloway was found dead in his home. He had been shot five times, two of the bullet wounds being lethal; there were no witnesses to the shooting. Defendant had that day come from Riverton to Casper, riding first in a vehicle driven by Wayne DeLorme; and when that vehicle broke down, the two caught a ride in a truck to Casper where they took a cab to the residence of deceased. Jaramillo and Holloway talked for a while, then left in Holloway's vehicle, and later returned, with Jaramillo at that time handling Holloway's .38 caliber Smith and Wesson revolver. Throughout the afternoon, the three men had been drinking intoxicating liquor. DeLorme, who prior to the trial had been granted immunity, said that while he was outside the house having a cigarette he heard popping noises and Jaramillo later came out of the house with the revolver in his hand and said he had shot Holloway. DeLorme testified he struggled with Jaramillo, took the gun away from him, ran across to a service station where he handed the gun to an attendant, said a man had been shot, and asked the attendant to call the authorities. Jaramillo was found by the police some time later lying on the ground in a field back of the Holloway residence. Among the items in his pockets were Mobil and Standard Oil credit cards issued to the deceased. Defendant testified, saying that he did not kill Holloway but had been outside the deceased's house when he heard popping noises, went inside, and found deceased lying in a pool of blood.

As previously indicated, defendant complains of the court's failure to instruct the jury concerning the testimony of an accomplice and the value to be assigned to it, notwithstanding his failure to so request.

We said in Bentley v. State, Wyo., 502 P. 2d 203, 206, that Rule 31, W.R.Cr.P., makes Rule 51, W.R.C.P., applicable to criminal cases so that no party may assign as error the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict; and we enunciated the reason for the rule.

The basis for defendant's position was that DeLorme had been granted immunity by the State, that he had testified the defendant during the trip to Casper had said he would get some money if he had to use a gun, and that defendant had on one occasion made a statement to officers that he and DeLorme had planned to kill Holloway and talked about it—the truth of which statement he specifically and categorically denied under oath on the stand.

We know of no authority tending to hold that the granting of immunity to a person ipso facto makes him an accomplice of one charged with a crime, and defendant having under oath disavowed the truth of his previous statement of DeLorme's complicity, the record contains no believable evidence to support defendant's present contention. We should, perhaps, allude to other argument on the subject of accomplice instructions. Numerous cases are cited in an effort to establish the principle that whether or not a witness is an accomplice is a jury question; but without referring to them, it suffices to say that such a rule applies where there is *some* evidence that the person under discussion is an accomplice. It is contended that Smith v. State, 10 Wyo. 157, 67 P. 977, 979, is authority for saying that DeLorme was an accomplice, it being emphasized that there the court mentioned the witness Black having testified "under a promise of immunity from prosecution." In that case, however, the granting of immunity to the witness was only one of several factors which led the court to hold an accomplice instruction necessary. The case, therefore, is not persuasive. Other authorities cited on the point are similarly not germane or worthy of attention.

On the general subject of instructions concerning accomplices, we find some guidance in Judge Blume's analysis in State v. Grider, 74 Wyo. 88, 284 P.2d 400, 407, 74 Wyo. 111, 288 P.2d 766, when he noted that the court had discussed accomplice instructions in State v. Callaway, 72 Wyo. 509, 267 P.2d 970, holding that where the testimony necessary to convict is given by an accomplice without corroboration the trial court must advise and caution the jury as to the danger attendant upon their accepting uncorroborated testimony of an accomplice. While he pointed out a lack of any pronouncement by this court that a precautionary instruction must be given in all cases where an accomplice testifies, he did observe peripherally that it was doubtless safer for the trial court to give a precautionary instruction. He may have had in mind a similar statement by Judge Learned Hand, United States v. Becker, 2 Cir., 62 F.2d 1007, 1009. The complete principle applicable is, "If no request was made for a cautionary instruction in the trial court, nor objection made to failure to give the instruction, the trial court will not be reversed, unless the circumstances of the case are so unusual that the failure to caution the jury can be regarded as plain error." 2 Wright, Federal Practice and Procedure: Criminal § 490, p. 315 (1969).

In our view, DeLorme was not an accomplice; but in any event, the circumstances here do not warrant a reversal on this alleged error.

We pass then to the second argument in the appeal that there was impropriety in the sentence because there was not a maximum and a minimum term fixed by the court.[1] We find little justification for the contention of error. It is elementary that the sentencing judge has wide discretion in determining the length of the term of imprisonment to be imposed upon the defendant. More importantly, even though the statute relating to second degree murder, § 6–55, provides that one guilty be imprisoned "for any term not less than twenty years, or during life," the specific statute relating to sentencing, § 7–313, W.S.1957, states:

"When a convict is sentenced to the state penitentiary, *otherwise than for life,* for an offense or crime, the court imposing the sentence shall not fix a definite term of imprisonment, but shall establish a maximum and minimum term for which said convict shall be held in said prison. * * *" (Emphasis supplied.)

The same thesis is carried on in § 7–314, W.S.1957, when it is said:

"If through oversight or otherwise any person be sentenced to imprisonment in the state penitentiary for a definite period of time *other than for life,* said sentence shall not for that reason be void, but the prisoner so sentenced shall be entitled to the benefit and subject to the liabilities of this article * * *." (Emphasis supplied.)

Considering the mentioned statutes, the sentence of life imprisonment in this instance was valid.

Affirmed.

McEWAN, Justice (concurring).

I concur in all that is said in the majority opinion except that relating to immunity. It seems to me the grant of immunity by the State must necessarily raise a presumption that there was sufficient evidence to criminally charge the one to whom immunity was granted. If this was not so why would immunity have been granted? Here the physical facts appear sufficient for charges to have been lodged against DeLorme. There was, in my opinion, sufficient factual basis to submit the question of whether or not the witness was an accomplice to the jury had a request been made. In the absence of a request for an accomplice instruction, and since instructions were given on the credibility of witnesses, I am of the opinion that no error

---

1. This aspect is of slight practical moment as even if the sentence had been improvident the only requisite would be a remand for re-sentencing.

was committed by the trial court in not giving an instruction on its own. For reasons hereinafter mentioned I would go further and suggest that a trial court might well commit reversible error if an accomplice instruction was given absent a request because I believe it almost impossible to give such an instruction which is not unfavorable to the defendant.

Here the following cautionary instructions were given:

"* * * it is the exclusive province of the jury * * * to determine the credibility of all witnesses * * *."

"The jury is the sole judge of the credibility of the witnesses, and of the weight to be given their testimony. In so doing, you may take into consideration all the facts and circumstances in the case, and give to each such weight as in the light of your experience and knowledge of human affairs you think it entitled to.

"In judging the credibility of the witnesses in this case, you should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of this trial, the prejudice of motives, or feelings of revenge, if any has been shown by the evidence in this case."

My examination of the many accomplice instructions convinces me that it is difficult, if not impossible, to draft an instruction which is not argumentative, confusing, misleading, or which does not invade the province of the jury. Most accomplice instructions, and certainly one given where the witness testified he was criminally involved in the commission of the crime and implicated the defendant, either state or imply that the witness was an accomplice. If there is an accomplice a crime must necessarily have been committed. One of the basic elements of proof required of the State is the showing that a crime had been committed. If the jury is instructed that a witness is an accomplice, a judicial deter-

mination has been made that a crime has been committed. Such determination is for the jury and not the court.

I therefore suggest that counsel for a defendant in an accomplice situation would be better advised to not seek an accomplice instruction and to deal with the evidentiary elements affecting the credibility of an accomplice's testimony during cross-examination and argument to the jury emphasizing the factors contained in the instructions on the credibility to be given to a witness' testimony.