Maurice E. (Rick) HORN, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4549.

Supreme Court of Wyoming.

Sept. 27, 1976.

Ted C. Frome, Afton, for appellant.

Timothy J. Judson, Asst. Atty. Gen., Cheyenne, and Robert B. Ranck, Jackson, in oral argument; and V. Frank Mendicino, Atty. Gen. and Timothy J. Judson, Asst. Atty. Gen., Cheyenne, on brief, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

## FACTS

For a recitation of the relevant facts, we adopt the "Statement of Ultimate Facts"

from the appellant's brief, with very little supplementation:

On Sunday, March 10, 1974, at about 2:00 p. m., the defendant purchased a ticket and rode the aerial tram at Teton Village, Wyoming, to the top of the mountain.

Mr. Robert Fuller, a member of the Ski Patrol for Jackson Hole Ski Corporation saw Mr. Horn getting on the tram and called Denny Ash, his supervisor, who was on top of the mountain. Mr. Fuller then boarded the tram and told the defendant that if he had intentions of skiing within the area boundaries that it was fine, he could ski there; but if he had intentions of skiing outside the area boundaries, especially Granite Canyon, as he had done before, that he should obtain a refund and not ski at all. The defendant did not reply to this statement. Fuller rode up on the tram as did Horn.

When the tram unloaded, Mr. Ash met the tram and reiterated what Fuller had said to Horn, namely, that Granite Canyon was closed that day and if Horn had intentions of skiing this area he must abandon them.

Horn then said to Fuller, "Nobody can tell me where I have to go."

Fuller explained to Horn that the Ski Corporation was liable for people riding the tram and the only way he could ski outside designated areas was for him to walk up the mountain.

Fuller, Horn and Ash were then joined by Sandy Zvegintzov and Sam Miles—also Company employees.

Horn repeated that nobody could tell him where to go, and as he started to put one ski on Mr. Ash took the other ski in an attempt to restrain him from skiing in the prohibited area. While Horn was attempting to get his ski back, Fuller took his poles and when Horn asked Fuller if he had stolen his ski poles, Fuller admitted he had. Horn retrieved the ski from Ash and struck Fuller with it—the injury requiring four stitches to repair. After being struck, Fuller dropped the poles, whereupon Mr. Miles grabbed Horn from the back and held him until Ash ordered him to let him go. Horn then put his skis on and skied off into Granite Canyon, the designated closed area.

Defendant Horn's case went to the jury on charges of aggravated assault and battery, under § 6–70.(A), W.S.1957, 1975 Cum.Supp., and assault and battery, under § 6–68, W.S.1957.[1]

The trial resulted in a verdict of guilty of assault and battery. On February 13, 1975, Horn was sentenced to four months in the county jail and ordered to pay a fine of $100.00.

We affirm the trial court's judgment which was entered on the verdict.

The defendant assigns the following errors for appellate consideration:

"1. There is not substantial credible evidence to support the findings of the jury.

"2. The court erred in not granting defendant's motion for acquittal at the close of the state's case, since the force used to protect the defendant's property was as a matter of law not beyond what the law allowed him.

"3. The trial court erred in not instructing the jury of the definition of the term 'unlawfully' in the Wy-

---

1. Sections 6–70.(A) and 6–68, respectively, provide:

"§ 6–70. *Aggravated assault and assault and battery.*—A. *Without dangerous weapon,* —If any person shall unlawfully and maliciously inflict upon another person, any grievous bodily harm the person so offending shall be fined not more than one thousand dollars ($1,000.00) or be confined in the county jail not more than one (1) year, or both."

"§ 6–68. *Assault and battery.*—Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and shall be fined not more than one hundred dollars, to which may be added imprisonment in the county jail not exceeding six months. . . ."

oming Statutes under which the defendant was convicted."

We address assigned error No. 3 first.

■ The precise issue here may be delineated as follows:

Since "unlawful" touching is one of the elements of the crime with which the defendant was charged and found guilty, is it a denial of the defendant's right to a fair trial to have failed to define the term "unlawfully touches" to the jury?

Trial counsel did not offer an instruction requesting the court to define the term "unlawfully" as employed in the assault and battery statute (§ 6–68, W.S.1957).

Rule 31, W.R.Cr.P., provides that the giving of instructions and the lodging of objections will be offered at the time and in the manner provided for in the Wyoming Rules of Civil Procedure. Rule 51 of the Wyoming Rules of Civil Procedure provides:

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ."

The rule further provides, however:

". . . Before the argument of the case to the jury is begun, the court *shall* give to the jury such instructions on the law as may be necessary and same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires." [Emphasis supplied]

We have held that where the required objection has not been lodged it cannot be considered upon appeal. *North Central Gas Co. v. Bloem*, Wyo., 376 P.2d 382, 385 (1962); *Jackson v. Gelco Leasing Company*, Wyo., 488 P.2d 1052, 1056 (1971); *Jaramillo v. State*, Wyo., 517 P.2d 490, 491 (1974); and *Bentley v. State*, Wyo., 502 P.2d 203, 208 (1972).

Defendant seeks to avoid the heavy hand of Rule 51, W.R.Cr.P., supra, through the invocation of Rule 49(b), W.R.Cr.P., which provides:

"(b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

In *Hays v. State*, Wyo., 522 P.2d 1004, 1007 (1974), we said that the plain-error rule must be exercised cautiously in exceptional circumstances and only where the error would

"'seriously affect the fairness, integrity, or public reputation of judicial proceedings . . . .'"

Admittedly, "unlawful touching" is an element of the crime of assault and battery under § 6–68, W.S.1957. The trial court so instructed the jury when it said:

"You are instructed that the essential elements of assault and battery are:

"1. A rude, insolent or angry

"2. Unlawful touching

"3. Of another"

The court next instructed the jury as follows:

"You are instructed that a person using force in defense of property may use such degree and extent of force as would appear to a reasonable person, placed in the same position, and seeing and knowing what the resisting person then sees and knows, to be reasonably necessary to prevent imminent injury threatened to the property. Any use of force beyond that limit is regarded by the law as excessive and unjustified, and a person using such excessive force is legally responsible for the consequences thereof."

When these two instructions are read together the question is whether or not they sufficiently inform the jury what "unlawful" touching is within the context of an assault and battery case. We think they do.

The jury must, of course, be informed of the essential law of the case in language it can understand and comprehend.

In *Gardner v. State,* 27 Wyo. 316, 196 P. 750 (1921), the state relied wholly on circumstantial evidence for conviction and the court failed to give a circumstantial-evidence instruction. This failure was not objected to. In holding that it was nonetheless fundamental and reversible error, we said:

> "It is generally considered that it is the duty of the court to instruct the jury on the *essential law of the case* and of such matters of law without which the defendant will not receive a fair trial, or without which a jury of laymen would be apt to go wrong. . . ." Id., at 754. [Emphasis supplied]

The opinion goes on to analyze the statute having to do with the court's duty to charge the jury. This statute is, in pertinent part, exactly the same as our present Rule 51, which provides:

> ". . . Before the argument of the case to the jury is begun, *the court shall give to the jury such instructions* on the law as may be necessary . . .." [Emphasis supplied]

In *Gardner,* we said of such a similar statutory provision:

> "It will be seen that it is mandatory upon the court to 'charge the jury' and can mean nothing less than that the court shall instruct the jury as to the essential law of the case, . . ." Id., at 754.

In *Gardner* we quoted from *Union Pacific Railway Co. v. Jarvi,* 3 Wyo. 375, 23 P. 398, in which opinion Justice Corn said:

> ". . . Subdivision 6, § 2553, Rev. St.Wyo., provides that in civil cases, 'before the argument of the case is begun, the court shall give such instructions upon the law to the jury as may be necessary;' and his duty to do this is not excused by the failure of counsel to request 'specific instructions, good in point of law, and appropriate to the evidence.' . . ." Id., at 754.

In adopting the rule enunciated by Justice Corn from his Union Pacific Railway Company opinion, which was concurred in by Chief Justice Van Devanter, we concluded that a failure to instruct on circumstantial evidence where the state wholly relied on such evidence for conviction was to deny the defendant a fair trial. In other words, we held that circumstantial evidence—being *the essential law of the case* —an instruction was necessary.

In *Parker v. State,* 24 Wyo. 491, 161 P. 552 (1916), the court found the defendant in a capital case to have been denied a fair trial under the State and Federal constitutional provisions pertaining to due process of law even though objections were not properly and timely taken to given erroneous instructions. In that case the term "premeditated malice" was improperly defined.

In *Ohama v. State,* 24 Wyo. 513, 161 P. 558 (1916), the situation was almost identical with that found in *Parker,* supra. *Ohama* is a capital case where the instruction defining "premeditated malice" was erroneous. Even though proper exceptions were not taken to the offered instructions, this court held the defendant did not have a fair trial and reversed.

To the same effect, see *Cirej v. State,* 24 Wyo. 507, 161 P. 556 (1916).

In *State v. Catellier,* 63 Wyo. 123, 179 P.2d 203 (1947), the defendant was charged with the killing of the deceased in the commission of an unlawful act or by culpable neglect *or criminal carelessness.* There were various negligence instructions given but none defining *criminal negligence.*

We reversed a conviction holding that the statute required the proof of criminal negligence—not some other unlawful act— and since criminal negligence was an issue in the case, i. e., the essential law of the case, it became important to the defendant that the jury know that culpable negligence and criminal carelessness is much more than ordinary negligence.

We do not find in this appeal the errors of *Hays, Gardner, Ohama, Cirej* and *Catellier*. The trial judge, in the instant matter, clearly explained to the jury that "unlawful touching" was an element of the crime, and in the "touching" process the defendant could justifiably go only so far and no further. We think that this instruction was adequate, proper and sufficient to explain what "unlawfully touching" is within the context of the facts of this case and the law of assault and battery.

With this instruction, there is no probability that a jury of laymen would misunderstand the term "unlawful touching". and be apt to go wrong.

For the reasons stated, there was no plain error committed in failing to further define the term in question. The instructions were, in this regard, sufficient.

█ As we have previously noted, Error No. 2 is described by counsel as follows:

"2. The court erred in not granting defendant's motion for acquittal at the close of the state's case, since the force used to protect the defendant's property was as a matter of law not beyond what the law allowed him."

As the defendant says:

"One may use a reasonable amount of force to defend and protect his property and his possession thereof. 6 CJS Assault and Battery, Section 94.

"A person may lawfully use so much force as is reasonable necessary to retake his property which has wrongfully been taken by another, but it would seem that force amounting to a breach of the peace cannot be used. 6 CJS Assault and Battery, Section 95."

This, in essence, is what the court instructed, supra this opinion.

It was for the jury to decide whether or not the touching was excessive and thus unlawful—not the court.

The defendant agrees that this is the law when in his brief he says:

"Ordinarily, whether the force used in the defense of property is greater than the circumstances of the case justify or the violence of the attack warrants is for the jury to determine. *Curlee v. Scales,* supra; *State v. Goode,* 130 N.C. 651, 41 S.E. 3; *State v. Taylor,* 82 N.C. 554; Annotation: 24 A.L.R. 548."

We find no error in the court's refusal to grant the motion for acquittal and affirm the trial court's ruling on this issue.

█ The first point of error is that there is not substantial credible evidence to support the findings of the jury.

When the appellant charges, as here, that there is insufficient evidence to sustain the jury's verdict, it is this court's duty to decide whether there is sufficient evidence upon which the jury could base its verdict, and the trial court its judgment. *Arnold v. Jennings,* 75 Wyo. 463, 296 P.2d 989, 990 (1956). In the discharge of this duty we must assume the evidence in favor of the successful party is true, leaving out of consideration entirely the evidence of the unsuccessful party in conflict therewith. *Wilcox v. Herbst,* 75 Wyo. 289, 295 P.2d 755, 756 (1956).

We have discharged this duty under these rules of appellate review and find there to be ample credible evidence to support the verdict of the jury and the court's entry of judgment thereon.

The judgment of the trial court is affirmed.