**Rudy TRUJILLO, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4755.**

Supreme Court of Wyoming.

June 29, 1977.

Gerald M. Gallivan, Director, Defender Aid Program, University of Wyoming, Laramie, and Wayne F. Flagg, Senior Law Student, University of Wyoming, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Kenneth Vines, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellant entered a guilty plea to a violation of § 6–42, W.S.1957, which charged the crime of obtaining merchandise and property with intent to defraud. The district judge sentenced this appellant to not less than three nor more than four years in the penitentiary. The maximum penalty provided by said section was not to exceed five years, to which may be added a fine of $5,000, or both. This appeal arrives in this court as a result of the fallout from *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. den. 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377. The attorney appointed herein and filing this brief makes it clear that this appeal is submitted at the request of defendant and in accordance with his wishes. To understand this matter we set out the issues which defendant insisted be tendered to us:

"1. Didn't get a fair trail [sic].

"2. I am not a habiual [sic] criminal.

"3. I didn't forgery or fraud [sic] no one name.

"4. My criminal record is not that bad for sending me in to the penitentiary.

"5. Daniel Fisher said in his report that I shouldn't be put on probation.

"6. J. F. Mahoney didn't go throw [sic] my record in court.

"7. J. F. Mahoney went by Tim Colemann and Daniel Fisher words in court.

"8. My lawyer didn't defented [sic] me in court right."

Counsel for appellant advises that he has carefully reviewed the record and evidence and finds no basis or other grounds to support appellant's appeal. This court has also made such an examination and is in agreement therewith. We therefore find that this appeal upon these grounds would be "wholly frivolous," *Anders v. State of California*, supra, 87 S.Ct. at 1400.

Appellant's counsel has raised the issue of the undue severity of this sentence and asks this court to review the sentence imposed. In light of our well-established rule and decisions, we might view the question involving the severity of the sentence and request for review in this same light. The rule governing appellate review of sentencing in this jurisdiction is clear. The sentence to be imposed upon a guilty defendant is completely within the discretion of the trial court, *Hicklin v. State*, Wyo., 535 P.2d 743, 754; *Bentley v. State*, Wyo., 502 P.2d 203; *Jaramillo v. State*, Wyo., 517 P.2d 490, 492; *Hahn v. State*, 78 Wyo. 258, 322 P.2d 896. Appellant does not contend that the trial court abused its discretion, and our examination of the record would negative any such contention.

Judgment affirmed.