**Robert Lee DOLENCE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 96–52.**

Supreme Court of Wyoming.

Aug. 16, 1996.

Robert Lee Dolence, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Robert Dolence appeals from the district court's order which declared that his sentence was legal.

We affirm.

Appellant did not include a statement of the issues in his brief as is required by W.R.A.P. 7.01(d). We have discerned from his brief, however, that his primary contention is that the district court erred when it found that his sentence was legal. He also argues that he did not receive effective assistance of counsel.

In 1976, Appellant pleaded guilty to one count of first-degree rape and one count of assault with a deadly weapon. The district court ordered him to serve a term of not less than life in the state penitentiary on the rape conviction and a term of not less than seven years nor more than fourteen years on the assault conviction.

On January 18, 1996, after he had spent approximately two decades in prison, Appellant filed a *pro se* motion in which he contested the legality of his life sentence. The district court denied his motion, and Appellant subsequently perfected an appeal to this Court.

Appellant argues that his life sentence was illegal because it did not comply with the indeterminate sentencing statute. Specifically, he contends that the district court erred by sentencing him to serve a life term on his first-degree rape conviction without specifying a minimum term.

Appellant was convicted of first-degree rape under § 6–63(A). That section stated:

(A) Whoever unlawfully has carnal knowledge of a woman or female child forcibly and against her will is guilty of first-degree rape, and shall be imprisoned in the penitentiary for any term not less than one (1) year, or during life.

WYO. STAT. § 6–63(A) (Supp.1975). At the time when Appellant was sentenced, § 7–313 set forth the requirements for indeterminate sentencing:

When a convict is sentenced to the state penitentiary, otherwise than for life, for an offense or crime, the court imposing the sentence shall not fix a definite term of imprisonment, but shall establish a maximum and minimum term for which said convict shall be held in said prison.

WYO. STAT. § 7–313 (1957).

In *Jaramillo v. State*, 517 P.2d 490 (1974), this Court considered a sentencing issue which was similar to that presented by Appellant in this case. Jaramillo received a life

sentence after he was convicted of second-degree murder under WYO. STAT. § 6–55 (1957). 517 P.2d at 490–91. That statute provided that "one guilty be imprisoned 'for any term not less than twenty years, or during life.'" 517 P.2d at 492 (quoting § 6–55).

Jaramillo argued that his sentence was improper because it did not include a maximum term and a minimum term. The Court first noted that the sentencing judge has broad discretion in determining the length of a sentence. *Id.; see also Candelaria v. State,* 895 P.2d 434, 440 (Wyo.1995). The Court went on to state that the requirement for setting maximum and minimum terms did not apply to life sentences because § 7–313 provided that it applied to sentences "'otherwise than for life.'" *Jaramillo,* 517 P.2d at 492 (quoting § 7–313) (emphasis omitted).

In this case, § 6–63(A) provided that a person who had been convicted of first-degree rape could be sentenced to life in prison. Since the district court determined that a life sentence was appropriate, it was not bound to set a minimum term under § 7–313. The district court, therefore, did not abuse its discretion in this case.

Appellant also argues that his counsel provided ineffective assistance when he did not object at the sentencing hearing to the life sentence and did not file a motion to correct the illegal sentence. As we have already stated, Appellant's contention that his sentence was illegal has no merit; accordingly, his counsel cannot be faulted for refusing to pursue that matter.

Affirmed.