Opinion delivered December 19, 1888.

---

No. 3052.

## JOSEPH CROWLEY, JR. *v.* THE STATE.

CIRCUMSTANTIAL EVIDENCE—CHARGE OF THE COURT.—If, as in this case, the inculpatory evidence against the accused is purely circumstantial, omission of the trial court to instruct the jury upon the law of circumstantial evidence is material error.

APPEAL from the District Court of Jack. Tried below before the Hon. George A. McCall.

This conviction was for the theft of a yearling, and the penalty assessed against the appellant was a term of three years in the penitentiary.

Mason Oldham, the one witness for the State, testified, in substance, that his certain roan yearling disappeared from its range about the time alleged in the indictment. Two months

later he found that animal in the defendant's pasture. He then asked the defendant about the animal, and the defendant replied that he knew nothing whatever about it, nor about the brand which had been placed on it since it was taken from witness's possession. About two weeks later, defendant came to the witness and declared that the said yearling belonged to him, defendant; that he bought it from a man whose name he refused to disclose, and that the brand was placed on the animal by him, and was his brand. Defendant subsequently left the country and was gone two years.

The defendant's mother, his sole witness, testified that, sometime prior to the alleged theft, the defendant traded with his brother James for a number of yearlings. It was her recollection that one of the animals he acquired in that trade was a roan yearling. Defendant afterwards fled the country, and was gone about two years. He was arrested at the witness's house, and at the time was hiding in a box.

No brief on file for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. In this case the evidence upon which the conviction is based is wholly circumstantial as to the *taking* of the alleged stolen animal by the defendant. He claimed the animal as his property, and admitted that he had placed his brand upon it, but claimed also that he had bought it. He had never admitted that he took it from the range or from the possession of the owner, and there is no evidence, not circumstantial, which connects him with the original taking of the animal. Such being the character of the evidence, the trial court committed a material error in failing to charge the jury with respect to circumstantial evidence, and for this error alone the judgment is reversed and the cause is remanded.

*Reversed and remanded.*