PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* JOHN SCOTT, APPELLANT.

1. ARSON.— TESTIMONY UNCONNECTED.— INSTRUCTIONS. — ERROR.—
On the separate trial of a defendant indicted jointly with the owner of a building for burning the same, the prosecuting attorney in his opening statement said he would show that there was a conspiracy between the defendant and the owner to burn the building in order to obtain the insurance. Testimony was allowed over defendant's objection that the build-

ing was insured and that the owner made certain statements with neither of which was defendant shown to be connected. The court refused to strike out this testimony, or to instruct the jury that there was no connection between defendant and owner. *Held, error.*

2. CIRCUMSTANTIAL EVIDENCE. — DUTY OF COURT TO CHARGE. — Where the testimony in a criminal case is entirely circumstantial it is the duty of the court to charge upon the law of the subject, though the request offered by defendant on this subject was erroneous.

(No. 493.   Decided June 19, 1894.   37 P. R. 335.)

APPEAL from the District Court of the First Judicial District, Hon. H. W. Smith, *Judge.*

John Scott was convicted of burning a building and appeals.   *Reversed.*

*Messrs. Brown & Henderson* and *Messrs. Warner & Warner,* for appellant.

*Mr. Samuel R. Thurman,* Assistant U. S. Attorney, for respondent.

MINER, J.:

The defendant John Scott was jointly indicted with Patrick Condon on the charge of having burned an inhabited building, known as the hotel and dwelling house of one Frederick Scott.   The defendant John Scott was tried separately, and convicted.   The building was occupied at the time as a hotel by Frederick Scott, a tenant of the other defendant, Patrick Condon, who owned the building. Exceptions were taken by the defendant to the refusal of the court to charge as requested, and to the admission of certain testimony offered to connect Condon with the burning, and also to testimony showing the building was insured by the owner.   The defendant Scott was a stranger

in that locality, and on the day preceding the fire had put up at the hotel in question. The testimony against him was circumstantial. The prosecuting attorney, in his opening statement to the jury, stated, among other things, that he would show that the motive for the burning was to obtain insurance; that Scott and Condon had an understanding by which the building was to be burned in order to obtain the insurance of $3,000.

On the trial, J. W. Rutlidge was allowed to testify, against the objection of the defendant as to competency and irrelevancy, that, some considerable time before the fire, Condon had taken out a policy of insurance for $3,000 on the building and contents (this insurance had been reduced before the fire, but the policies of insurance were not produced); that the hotel was not paying; and that the furniture had been moved out of the house some time prior to the fire. This testimony as to insurance was taken, under objection and exception, out of its order, with the statement that the prosecution would connect it thereafter with the defendant. At the close of this witness' testimony the defendant's attorney moved to strike out his testimony in relation to insurance on the ground that it was hearsay, not the best evidence, and that the indictment does not charge the burning with intent to defraud the insurance company, which motion was denied, and the ruling excepted to. Other testimony was given concerning the statement of Condon, in which the defendant Scott in no way participated, and it was subsequently stricken out. No other testimony was received, in any manner connecting Condon with the defendant Scott in the burning, nor did it appear that these parties ever met, or knew each other, prior to the fire.

At the close of the people's testimony the defendant's counsel moved to strike out of the record all of the testimony relative to the insurance upon the property, and

that the jury be instructed to disregard the testimony
about insurance, on the ground that the testimony was
immaterial and incompetent, that it was admitted on the
ground that the defendant Scott would be connected with
the defendant Condon in the burning, and that no evi-
dence had been given, in any manner connecting defend-
ant Scott with Condon or the insurance. The court
remarked that if the motion was separated he would strike
out the evidence as to who insured the building, but would
leave the fact that it was insured before the jury. De-
fendant's attorney insisted upon the motion, and it was
overruled, and exception taken. No further testimony was
given, showing Condon's connection with the transaction
in any manner. At the close of the testimony the defend-
ant's counsel requested the court to instruct the jury that
there was no evidence in the case connecting the defend-
ant with Condon, and the jury should not consider any
relation between them. This request was refused, and
exception taken. The charge of the court was silent upon
this subject, and upon the subject of insurance.

Upon the argument in this court, and in the brief of
the prosecution, it is admitted that the people failed to
connect defendant Scott with defendant Condon, in any
manner, with reference to the burning, or with the insur-
ance, and the record discloses no such combination or con-
nection between the two parties. The indictment does not
charge the defendant with the burning with intent to
defraud any insurance company, and the evidence in no
manner connects Scott with Condon, so as to make him
responsible for the acts, statements, or disclosures of Condon,
either with reference to the insurance, or any other fact
in the case. So far as the record shows, the testimony
that Condon had procured insurance upon the property
was a fact that was wholly unknown to Scott, who was
then, and had been, a stranger to Condon, and to that

neighborhood.    If there was no combination between the two, the mere fact of an insurance being placed upon the property by Condon without Scott's knowledge could in no way tend to show motive on the part of Scott to burn the building.

It is claimed by the district attorney that the court offered to strike out the fact as to who or which company insured the building, but refused to strike out the fact that an insurance covered the property, and that, if any error existed before that, this offer cured it.    We think not.    If such ruling had any tendency, it was to emphasize the error in the ruling.    It will be remembered that the district attorney claimed in his opening statement to the jury that he would show that Condon had an insurance upon the property of $3,000; that a combination and conspiracy existed between Condon and the defendant to burn the building, and obtain the insurance money; and that the building was paying Condon no rent.    Upon the trial the theory of the prosecution seemed to be that the building was burned to obtain the insurance.    Taking all this with the fact that the insurance to Condon was shown and admitted under objection; that when a motion was made to strike it out the motion was denied; that the court refused to give the instruction asked, that such fact should not mitigate against the defendant; and the fact that the court finally emphasized the importance and relevancy of the testimony, in the presence of the jury, by offering, in case a motion was made, to strike out of the record who insured the building, but refused to strike out the fact that an insurance existed upon the building at all,— taking the whole transaction together, the jury must have been impressed with the fact that as Condon held the insurance upon property that was not paying him rent, and the court had refused to strike out this evidence, or give the request asked for, such evidence tended to connect

the two parties with the transaction, and that they had the right to consider such evidence as a fact connecting the two, and as bearing upon the guilt of the defendant, upon the theory claimed for it by the prosecution. We are satisfied that this testimony should have been stricken out, and that the request asked for should have been given.

We do not think that any error was committed in refusing to give the defendant's second and third requests, as presented. *U. S.* v. *Gough,* 8 Utah, 428, 32 Pac. 695; *People* v. *Biddlecome,* 3 Utah, 208, 2 Pac. 194; Thomp. New Trials, § 2349; Comp. Laws 1888, § 5033, subd. 6.

When the testimony in a criminal case is entirely of a circumstantial character, as it was in this case, and a request is made to charge upon the subject of circumstantial evidence, but such request is erroneous, it is still the duty of the court to give the law upon the subject. Comp. Laws, § 5033, subd. 6; *People* v. *Murray,* 72 Mich. 10, 40 N. W. 29; *Ward* v. *State,* 10 Tex. App. 293; *Crowell* v. *State* (Tex. App.), 6 S. W. 316; *Willard* v. *State* (Tex. App.), 9 S. W. 353; *Crowley* v. *State* (Tex. App.), 10 S. W. 217; *Barr* v. *State,* 10 Tex. App. 1. In a criminal case the court should see that the case goes to the jury in a clear and intelligent manner, so that they may have a correct understanding of what. it is that they are to decide, and it should state to them fully the law applicable to the case. It is to the court that the accused has a right to look to see that he has a fair trial. Circumstantial evidence may be quite as conclusive as direct evidence, but it is incumbent upon the prosecution, not only to show by a preponderance of evidence that an offense was committed, and that the alleged facts and circumstances are true, but they must also be such facts and circumstances as are incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation upon any reasonable

hypothesis other than the defendant's guilt. The chain of circumstances must be complete and unbroken. A jury of inexperienced laymen could hardly be expected to apply the rules applicable to this class of testimony without some assistance from the court. For the errors referred to we are of the opinion that the judgment of the court below should be set aside, and a new trial granted.

MERRITT, C. J., and BARTCH, J., concur.