### FAUSTINO POLANKA v. THE STATE.

*No. 1031. Decided December 1.*

1. **Circumstantial Evidence—Charge.**—Where a conviction rests wholly upon circumstantial evidence, it is reversible error if the court should fail or refuse to charge the law with regard to such evidence.

2. **Alibi—Charge—Practice.**—Where there is evidence, even though weak and inferential, as to an alibi, the better practice would be to submit an instruction, in the charge, upon that theory.

3. **Same.**—A special instruction upon alibi which, in a theft case, only submits the nonpresence of the accused at the time and place of the taking, is insufficient, where the facts do not preclude the theory that defendant might have been a principal in the theft, though not bodily present at the act and taking of the property.

APPEAL from the District Court of Atascosa. Tried below before Hon. M. F. LOWE.

This appeal is from a conviction for the theft of eleven hogs, the property of G. M. Rutledge, of the value of $4 each, and wherein the punishment was assessed at a term of two years in the penitentiary.

In view of the fact that the case is disposed of in the opinion by a discussion of matters pertaining to the charge only, it is unnecessary to state the evidence in the case.

*Reed & Martin,* for appellant, filed an able and elaborate printed brief.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for hog theft. The statement of facts incorporated in the record constitutes this a conviction depending wholly upon circumstantial evidence. It was therefore incumbent upon the trial court to instruct the jury in regard to the law applicable to such testimony. This is the settled rule in this State by an unbroken line of decisions, and a failure to comply with it requires

a reversal of the judgment, though exception be not reserved.   Willson's Crim. Proc., sec. 2342, for collated authorities.

A charge upon alibi was requested by appellant, but refused by the court, and an exception was reserved.   As there was some evidence bearing on this theory, though weak and inferential, it would be better that such charge be given upon another trial.   The charge, as asked by appellant, submitted the question of alibi upon the theory only of nonpresence of appellant at the time and place of the taking.   Applicable to the facts, this was hardly correct, because appellant may have been guilty and yet not bodily present at the actual taking.   He may have been guilty as principal, as that term is defined and understood in this State.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.