THE STATE OF KANSAS, *Appellee*, v. EZRA MILLER, *Appellant*.

No. 17,185.

HEADNOTE BY THE REPORTER.

1. LARCENY—*Accomplice—Notice—Instructions.*   On the trial of an accomplice for larceny it was error not to instruct that if the defendant acted innocently, believing he was aiding another in taking the latter's own property, he was not guilty, that being the only defense and there being substantial evidence to support it.

2. INSTRUCTIONS—*One Requested Sufficient to Challenge Court's Attention.*   Although a requested instruction was faulty, it was sufficient to challenge the court's attention to the only defense relied upon, and a correct statement of the law relating to such defense should have been given.

Appeal from Marion district court. Opinion on rehearing, filed April 8, 1911. Reversed. (For original opinion, see 83 Kan. 410.)

*D. W. Wheeler,* and *W. H. Carpenter,* for the appellant.

*Fred S. Jackson,* attorney-general, *John Marshall* assistant attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Samuel Burkholder,* county attorney, for the appellee.

*Per Curiam:* The facts in this case are stated in the former opinion. (*The State v. Miller,* 83 Kan. 410.) A rehearing was allowed, and it is now held that the court erred in not instructing the jury that if the appellant acted innocently, believing that he was aiding another in taking charge of and removing from the depot platform the other's own property, he was not guilty of larceny. Although the particular instruction requested was faulty, as pointed out in the former opinion, it was, as said in a recent case, "sufficient at least to challenge the court's attention to the only defense upon which the defendant relied" (*The State v Turner,*

83 Kan. 183) and in support of which there was some substantial evidence offered. As no instruction was given which in any manner stated the law in reference to the appellant's sole defense, the error must be regarded as prejudicial.

The judgment is reversed and the case remanded for further proceedings.