APRIL TERM, 1921.

---

## GARDNER v. STATE
(No. 960; Decided April 4, 1921; 196 Pac. 750)

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE OF CRIME—INSTRUCTIONS —LARCENY—CIRCUMSTANTIAL EVIDENCE MUST POINT TO DEFENDANT TO EXCLUSION OF ALL OTHERS—COURTS SHOULD CHARGE ON CIRCUMSTANTIAL EVIDENCE WITHOUT REQUEST WHERE IT IS RELIED ON—FAILURE TO CHARGE IN CIRCUMSTANTIAL EVIDENCE MUST BE PREJUDICIAL.

   1. In order to convict on circumstantial evidence alone, it is necessary not only that the circumstances all concur to

show that the prisoner committed the crime, but that they all be inconsistent with any other rational conclusion, excluding every reasonable hypothesis other than that of guilt.

2. Defendants requested instruction on circumstantial evidence, using the expression, ''The evidence must point unerringly to his guilt and must be irreconcilable with innocence'' was properly refused as erroneous in its requirement of absolute certainty of crime, ''Unerring'' meaning ''incapable of error or failure; certain; sure'' have as a synonym, ''Infallible''.

3. Circumstantial evidence held insufficient to sustain a conviction for larceny of certain wheat and grain screenings.

4. Where circumstantial evidence is relied upon for conviction it must be of such a character that it leads to but one fair and reasonable conclusion, pointing to the defendant to the exclusion of all others as the guilty person.

5. It is the duty of the Court, under Section 7532, Comp. Stats 1920 to instruct the jury on the essential law of the case and of such matters of law without which the defendant will not receive a fair trial, or without which a jury of laymen would be apt to go wrong. Where circumstantial evidence is wholly relied on for conviction, the trial court should instruct on the law regarding such evidence whether requested to do so or not, as being fundamental to the defendants having a fair trial such as the constitution and laws guarantee to him.

6. To justify reversal of conviction for failure to give an instruction on circumstantial evidence wholly relied on for conviction, where it appears that it was otherwise a fair trial, such failure of the trial court should be found to have been prejudicial to defendant and as a general rule there should be an exception properly presenting the question.

ERROR to the District Court of Laramie County; HON. WILLIAM C. MENTZER, Judge.

Lee Gardner was convicted of larceny and brings error. The material facts are set forth in the opinion.

*Kinkead & Henderson,* for Plaintiff in Error.

There was not sufficient evidence to justify conviction; the court erred in refusing the one instruction requested by defendant. Careful search of the record will fail to disclose evidence of an incriminating character identifying defendant with the theft of the grain in controversy and we invite a careful inspection of the record in justification of this contention. There was evidence of defendant's good character and repute in the community in which he lived. The testimony on this point was given by a number of reputable citizens who had known defendant for from ten to twenty five years. The mere fact that defendant was in the employ of a person in whose granary the grain was found falls far short of connecting defendant with the theft, and that is the extent of the proof established on the part of the prosecution. The evidence is purely circumstantial and under the settled rule of law where the state relies upon circumstantial evidence for conviction, such evidence must point unmistakably to defendants guilt, and must be irreconcilable with any other rational hypothesis. 12 Cyc. 488; State v. Seiff, (Mont) 168 Pac. 524; State v. Postal Co. (Mont.) 161 Pac. 953; State v. Chevigny, (Mont.) 138 Pac. 257; State v. Suitor (Mont.) 114 Pac. 112; Ann. Cas. 1912 C. 230; State v. Asbell (Kans.) 46 Pac. 770; Bryant v. State (Ala.) 23 So. 40; State v. Mullins (Mont.) 173 Pac. 788; People v. Lapp. (Ill.) 118 N. E. 416. It must be entirely satisfactory and of such significance as to produce conviction beyond reasonable doubt. State v. Robinson, 103 Atl. 657. Where it merely raises suspicion it is insufficient. Fudge v. State (Fla.) 78 So. 510; State v. McCarthy (Mont.) 92 Pac. 521; State v. Taylor (Mont.) 153 Pac. 275. Where two persons have the same opporunity to commit an offense and there is doubt as to which committed it, neither should be convicted, Burton v. Corn, 94 S. E. 923. Suspicion is no proof nor conjecture evidence upon which courts can act in determining rights of parties. People v.

Manganaro, 112 N. E. 436; Horn v. State, 12 Wyo. 157.
The circumstances must be of such a character that they
cannot be true and the defendant be innocent. Arnold
v. State, 5 Wyo. 439. Unexplained posession of recently
stolen property is a circumstance to be considered. Rob-
inson v. State, 18 Wyo. 216. But it is only a circumstance
and must be aided by other evidence, Roberts v. State, 11
Wyo. 66-84; Methard v. State, 19 Ohio St. 363. It must
be shown that the possession was exclusive and that de-
fendant was conscious of having the same in his posses-
sion, People v. Hurley, 60 Calif. 74; McNeeley v. State, 5
Wyo. 59; Defendant was not in control of the Netterfield
place where the grain was found. Every act and circum-
stance proven was consistent with innocence. The record
does not even recognize a suspicion of guilt, Com. v.
Webster, 5 Cush. 295. Where the prosecution relies solely
upon circumstantial evidence, the Court must always in-
struct upon the nature thereof, Territory v. Larmo, 46
Pac. 16; Renfro v. State, 198 S. W. 957; Winn v. State,
198 S. W. 965; Love v. State, 199 S. W. 623; Truner v.
State, 4 Lea 206; Dawcett v. U. S. 41 Pac. 608; Com. v.
Webster, 5 Cush. 317; Graves v. People, 32 Pac. 633; Peo-
ple v. Murray, 41 Cal. 66; People v. Phipps, 39 Cal. 326.
The instruction asked by plaintiff in error was in sub-
stance that in order to sustain his conviction the circum-
stantial evidence must have proof of defendants guilt.
That the jury must find him guilty to the exclusion of any
other person; that it was insufficient that he was probably
guilty, but the evidence must point unerringly to his guilt
and be irreconciliable with his innocence; that the chain
of circumstantial evidence must be complete. The instruc-
tion was refused and in this the Court committed error.

W. L. Walls, Attorney General, for Defendant in Error.

The trial court regarded the evidence sufficient to be
submitted to the jury. The instruction offered by defend-
ant is not law, Horn v. State, 12 Wyo. 56. The law only

required that guilt be established beyond reasonable
doubt. In Cornish v. Territory, 3 Wyo. 96 we find that
the words ''must be absolutely incompatible with the in-
nocence of the accused'' have been correctly defined to
imply that proof of guilt must be established beyond the
possibility of doubt. The rule laid down in the case of
Pool ex el v. People, 80 N. Y. 645 was sustained in Cornish
v. Territory. There is apparently no difference in the
language. ''Absolute certainty and unerring accuracy''
are identical in their meaning in view of the above authori-
ties. The instruction sought by defendant is contrary to
law and was properly refused. Where the instructions
do not cover all phases of the case, the complaining party
is bound to call the court's attention to the omission by
a request or be precluded from making such failure avail-
able as reversible error. The defendant requested the
court to instruct the jury erroneously and did not bring
himself within the purview of Section 6235 Comp. Stats.
1910. The court instructed the jury upon the material
elements of the offense charged, as well as on the principle
of reasonable doubt. While the evidence was circumstan-
tial, it was apparently sufficient to convince the minds of
reasonable men that defendant was guilty. The instruc-
tions of the court covered the case and the judgment
should not be disturbed.

BLYDENBURGH, J.

The plaintiff in error, Lee Gardner, was informed
against jointly with one Charles Netterfield, in the District
Court of Laramie County, for the larceny of fifty bushels
of macaroni wheat and four sacks of grain screenings, of
the total value of $100, the property of George F. Chap-
pell. The plaintiff in error, having demanded a separate
trial, was separately tried by a jury which rendered a
verdict of guilty. A motion for a new trial was filed,
argued and denied, an exception to the ruling being duly
taken and preserved, and the plaintiff in error sentenced

to a term in the penitentiary. Nothing appears in the record to show what became of the case against the joint defendant, Charles Netterfield.

The petition in error filed in this court assigns as error only the denying of the motion for a new trial and the rendering of the judgment. The reasons stated in the motion for new trial are as follows:

1. That the verdict of said jury is not sustained by sufficient evidence.

2. That said verdict is contrary to law and the instructions of the court.

3. For errors of law occurring at the trial as follows:

a. The court erred in overruling the defendant's motion for a directed verdict made on the close of the state's evidence.

b. The court erred in overruling the motion made by defendant at the close of the defendant's case and before the case was submitted to the jury, to the overruling of said motions, and each of them, the defendant duly excepted at the time.

c. The court erred in overruling the motion made by defendant after the close of the case, and before the jury was instructed, for the court to instruct the jury upon the effect of possession or lack of possession of alleged stolen personal property, and with reference to the necessity of the proof where the evidenc is wholly circumstantial, said motion being as follows, to-wit: "The defendant now moves the court to instruct the jury specifically on the question as to the importance of the question of possession or lack of possession of said property in defendant, and to instruct the jury that unless they shall find that the defendant was in possession of the property, that his possession was exclusive and conscious, that there could be no conviction."

d. The court erred in refusing to give instruction No. 15 asked by the defendant, exception to which refusal

was duly taken by the defendant, said Instruction Number 15 being as follows, to-wit: "In order to convict the defendant in this case it will be essential for you to find from the evidence beyond a reasonable doubt that the defendant did steal, take and carry away the grain of George` F. Chappell in the manner as set forth in the information herein. It is not sufficient that he might have been guilty of the crime, nor could you convict him if you merely found that he was probably guilty thereof, the evidence must point unerringly to his guilt, and must be irreconcilable with innocence. If under the evidence in this case any other person might have been guilty of the crime instead of the defendant, you must acquit the defendant, and unless the entire chain of circumstantial evidence is so connected, complete and compelling as to satisfy your minds of defendant's guilt beyond a reasonable doubt, then you should acquit him."

It will be seen from the foregoing that although the motion for a new trial alleged error in the court's "overruling the motion made by defendant after the close of the case, and before the jury was instructed, for the court to instruct the jury upon the effect of possession or lack of possession of alleged stolen personal property, and *with reference to the necessity of the proof where the evidence is wholly circumstantial"*, the motion as set out in the motion for new trial make no mention of the matter of circumstantial evidence other than the possession or lack of possession of the property. The errors alleged therefore, are that the court erred in refusing to give Instruction Number 15 as set out in the motion for new trial, and that the evidence is insufficient to convict the defendant Gardner of the larceny, and that the court therefore erred in not granting the motion for a directed verdict of acquittal, although a large portion of the brief of defendant in error is directed to the question of circumstantial evidence.

The evidence in the case at bar was wholly circumstan-

tial, and was of such a character as to authorize the jury in finding beyond a reasonable doubt that the wheat in question had been stolen from George F. Chappell and transported to the ranch or farm owned or occupied by Mrs. Sadie Netterfield, and was there found in a wagon on the morning after the theft, whose tracks had been followed from the Chappell place to the Netterfield place. The court not only refused to give the requested instruction Number 15, but did not give any instruction on the law governing circumstantial evidence. It is held by the best and weight of authority that the law of circumstantial evidence in criminal cases is that "in order to convict on circumstantial evidence, it is held necessary, not only that the circumstances all concur to show that the prisoner committed the crime, but that they all be inconsistent with any other rational conclusion. * * * Again, if the circumstances, no matter how strong, can be reasonably reconciled with the theory that some other person may have done the act, the defendant should not be convicted, and a verdict of guilty will be set aside as contrary to law. * * * While the evidence must lead to the conclusion so clearly and strongly, where the evidence is purely circumstantial, as to exclude every reasonable hypothesis consistent with innocence, still, it is not necessary that the evidence should produce absolute certainty in the minds of the jurors, or that it should dissipate mere conjectures and speculative doubts,—for metaphysical and demonstrative certainty is not essential to proof by circumstances. It is sufficient if the evidence produce moral certainty, to the exclusion of every reasonable doubt. 8 R. C. L. 225. "While absolute certainty is not essential, yet the evidence must be of such a character as to satisfy the jury of defendant's guilt, and to exclude every other hypothesis to a moral certainty beyond a reasonable doubt; evidence creating a mere probability of guilt is not sufficient; much less is evidence which gives rise to mere suspicion or conjecture of guilt." 16 C. J. 766.

In Davis v. State, 193 Pac. 746, the court said:

"It is a well-established rule of law that; where circumstantial evidence alone is relied upon, the circumstances when considered together must point clearly and conclusively to the guilt of defendant and exclude every reasonable hypothesis other than that of guilt." And see Dossett v. U. S. (Okla.) 41 Pac. 608. And in Horn v. State, 12 Wyo. on page 157, the following instruction was approved:

"To authorize a conviction upon circumstantial evidence alone, the circumstances must not only all be in harmony with the guilt of the accused, but they must be of such a character that they cannot reasonably be true in the ordinary nature of things and the defendant be innocent." The jury must be convinced beyond all reasonable doubt but not beyod all possible doubt. "While the evidence must lead to the conclusion so clearly and strongly, where the evidence is purely circumstantial, as to exclude every reasonable hypothesis consistent with innocence, still, it is not necessary that the evidence should produce absolute certainty in the minds of the jurors, or that it should dissipate mere conjectures and speculative doubts,—for metaphysical and demonstrative certainty is not essential to proof by circumstances. It is sufficient if the evidence produce moral certainty, to the exclusion of every reasonable doubt." 8 R. C. L. 227. In Cornish v. the Territory, 3 Wyo. 95, on page 97, where an instruction contained the words "must be absolutely incompatible with the innocence of the accused," they were said to be equivalent to that the defendant's guilt must be established beyond the possibility of a doubt, and declared that was not the law, but quoted with approval from the case of Poole v. People, 80 N. Y. 646: "Such a degree of certainty is rarely attainable in the administration of justice. It is sufficient that all the material circumstances point to guilt, and that they are inexplicable upon the theory of innocence. The guilt must be established beyond a reasonable, but not beyond a possible, doubt."

While the requested instruction No. 15, the refusal to give which is claimed as error in this case, is in the main a correct statement of the law as regards circumstantial evidence, the use of the words "The evidence must point unerringly to his guilt, and must be irreconcilable with innocence", is equivalent to absolute certainty, and renders the requested instruction erroneous. The dictionary defines "unerring" as "incapable of error or failure; certain; sure," and the synonym for "unerringly" is given as "infallible." It is not incumbent upon the court to give an instruction which states an erroneous statement of the law and "a reversal will not be directed because of the refusal to give an instruction unless it is strictly and entirely accurate." The court therefore did not err in refusing to give requested Instruction No. 15. The other errors alleged in the motion for a new trial relate to the sufficiency of the evidence to convict, and the failure to grant the motion for a directed verdict, which involves the same thing. We are convinced, after a careful examination of the evidence that the case must be reversed on these grounds. This is not a case of conflicting evidence where the jury have decided the conflict and the supreme court will not disturb the findings, but although there is sufficient evidence to prove the theft, there is absolutely no evidence to connect the defendant in error therewith. The only facts in the case that can even throw suspicion on this defendant, if that can be called a suspicious circumstances, is that he was employed as a farm hand by Mrs. Netterfield, at whose place the stolen wheat was found. It was in evidence that a foot-print was seen in the bin at the Chappell place that was larger than Chappell's foot, and that there was a small heel track as if made by a smaller heeled cowboy boot, where the driver of the wagon in which the wheat was taken had gone and gotten some gasoline from a truck that was in the road, on the way to the Netterfield place. But there is nothing in the

evidence to show the size of defendant's foot, or that he
wore or was seen wearing any such boots, or to connect
him with this evidence in any way.  There is nothing in
the evidence to show that he left the Netterfield ranch on
the night of the theft, or that he knew what was in the
wagon in which the stolen wheat was found at the Netter-
field place the next morning.  No conversation or re-
marks by the defendant that were even suspicious were
proven, and no suspicious acts on his part are in evidence.
When seen the next morning he was attending to his regu-
lar occupation and later in the morning when arrested
for this offense he was in the field working.  No confer-
ence or attempted conversation with Charles Netterfield,
who was joined with him in the information; no claim by
defendant in error to the stolen wheat, and no reason or
object shown why he should have taken it.  Where cir-
cumstantial evidence is relied upon for conviction it must
be of such a character that it leads to but one fair and
reasonable conclusion, pointing to the defendant to the
exclusion of all others as the guilty person.  16 C. J. 774.
In State v. Sieff, 168 Pac. (Mont.) 524, it is said:  "By
the widest stretch of the imagination these facts cannot
be so arranged that it can be said they point unmistakably
to defendant's guilt, and are altogether irreconcilable
with any other rational hypothesis; and this is the test in
this state applicable to every criminal case in the trial of
which the state relies, as in this instance, upon circum-
stantial evidence. * * *  At most, it does not do more than
cast a suspicion upon the defendant, and mere suspicions
or probabilities, however strong, are not sufficient basis
for a conviction."  In McLaughlin v. State, (Okla.) 193
Pac. 1010, it is said:

"If the evidence introduced by the state fails to incrim-
inate the defendant, or as a matter of law is insufficient
to show that he is guilty of the offence charged, it is not
only the right but the duty of the trial court to advise the
jury to return a verdict of acquittal.  * * *  It is unques-

tionably the law that crime may be established by circum-
stantial evidence, otherwise society would be at the mercy
of the criminal classes, but it is also uniformly held that
the circumstantial evidence must go beyond mere suspic-
ion and conjecture, and where circumstantial evidence
solely is relied on for a conviction the circumstances tend-
ing to show guilt must be consistent, the one with the
other, and point so strongly to the guilt of the defendant
as to exclude every other reasonable hypothesis except
that of guilt.   Can it reasonably be said that the fact
that this defendant was riding in the stolen car with one
who was confessedly the thief was sufficient to show his
complicity in the crime charged?   It seems to us clearly
that it was not, and, for this reason, when the state closed
its case in chief, the instruction asked by the defendant
directing the jury to return a verdict of acquittal should
have been given at that time.''   See also State v. Mullan,
(Mont.) 173 Pac. 788; State v. Suitor (Mont.) 114 Pac.
112; Iowa v. Johnson, 19 Iowa 230.   The court should have
granted the motion for a directed verdict made at the
close of the evidence for the prosecution, and for the error
in denying said motion and the insufficiency of the evi-
dence, the case must be reversed and a new trial granted.

There is another question to which a large portion of
the brief of defendant in error is devoted and that is the
failure of the court to instruct at all on the law of circum-
stantial evidence, and as the case must be sent back for
new trial, this matter ought to be considered.   The court
did not, anywhere in the instructions, given, inform the
jury of the character or sufficiency or effect of this char-
acter of evidence, although this was a case on which the
prosecution relied wholly upon circumstantial evidence.
The defendant however did not except or object to the
charge on this ground, or request any other instruction in
writing, except in regard to instruction Number 15, above
considered, and it is held in Smith v. State, 17 Wyoming,
on page 489, ''that it is not enough to merely state to the

court that the party desires the court to instruct on a certain point; but he must present to the court what he claims to be the law.'' It is generally held that ''where the prosecution relies wholly or substantially upon circumstantial evidence, or conviction may be had upon such evidence alone, the court should instruct upon the law relating to such evidence,'' 16 C. J. 1008. ''Where all the evidence is circumstantial, the court should instruct that the circumstances, to warrant a conviction, must be consistent with each other, must tend to prove guilt, and not only must be consistent with the hypothesis of defendant's guilt, but must be inconsistent with every other reasonable hypothesis, including the hypothesis of his innocence.'' 16 C. J. 1011. ''Where the evidence is entirely circumstantial the court should instruct that in order to convict the circumstances must be so strong as to exclude every reasonable hypothesis except defendant's guilt. Defendant is entitled to an instruction on circumstantial evidence where the state relies solely on recent unexplained possession, or where the cases rests merely upon circumstances.'' 25 Cyc. 150. In Territory v. Lermo, (N. Mex.) 46 Pac. 16, it is said: ''The facts in the case being purely circumstantial, it was the duty of the court to instruct the jury fully on the law of circumstantial evidence. This the record shows the trial court did not do, and, by reason of such failure, manifest error, prejudicial to the rights of the defendant, has intervened, and the case must be reversed. Counsel for appellant requested the court to give the following instruction, to-wit: 'The court instructs the jury that, where circumstances alone are relied upon by the prosecution for a conviction, the circumstances must be such as to apply exclusively to the defendant, and such as are reconcilable with no other hypothesis than the defendant's guilt, and they must satisfy the minds of the jury of the guilt of the defendant beyond a reasonable doubt.' This instruction fairly stated the law, and the weight to be given to circumstantial evidence where there-

is no direct evidence; and to exclude it from the jury was error, especially where there is no other instruction given substantially covering the same subject. The history and experience of criminal jurisprudence establishes that two essential elements in the case must be proved: First, the identity of the *corpus delecti;* and, second, the identity of the accused,—before a conviction in any grade is warranted. 3 Greenl. Ev. 30. And, while these essential facts may be proved by circumstantial evidence, yet it is a well-established principle that it is necessary to caution the jury, in a proper instruction, as to the weight and effect to be given the circumstances detailed by the witnesses, to establish these first and most important elements tending to establish the crime as charged. Turner v. State, 4. Lea. 206; Dossett v. U. S. (Okla.) 41 Pac. 608; Com. v. Webster, 5 Cush. 317; Graves v. People (Colo. Sup.) 32 Pac. 63; People v. Murray, 41 Cal. 66. 'We are further of the opinion that, inasmuch as the evidence in the case was wholly circumstantial, the jury should have been instructed as to the nature and conclusiveness of that character of testimony to warrant a conviction upon it.' Struckman v. State, 7 Tex. App. 581; People v. Phipps, 39 Cal. 326.'' See Turner v. State, 72 Tenn. 206. It is generally considered that it is the duty of the court to instruct the jury on the essential law of the case, and of such matters of law without which the defendant will not receive a fair trial, or without which a jury of laymen would be apt to go wrong. Our statute governing instructions in criminal cases is subdivision 6 of §7532, Comp. Stat. 1920, and is as follows: ''Before the argument of the case is begun the court shall immediately and before proceeding with other business, charge the jury, which charge shall be reduced to writing by the court, if either party request it, and such charge or charges or any other charge or instruction provided for in this section, when so written or given, shall in no case be orally qualified, modified, or in any manner explained to the jury by

the court, and all written charges and instructions, shall
be taken by the jury in their retirement and returned
with their verdict into court and shall remain on file with
the papers in the case.'' It will be seen that it is manda-
tory upon the court to ''charge the jury'' and can mean
nothing less than that the court shall instruct the jury as
to the essential law of the case, although unless requested
to do so by either party, the judge is not compelled to re-
duce the charge to writing, but it has become the uniform
practice in this state to do so, and we believe it to be the
better practice to have all of the courts charge in writing.
While it is generally considered that a request for in-
struction should be made and an exception to a refusal
taken, in order for a defendant to avail himself of the
error in the supreme court, this is not the universal rule
and there are exceptions to it, especially where the matter
is fundamental and goes to the gist of the case. The rule
is stated in Thompson on Trials, §2341, that mere non-
direction, partial or total, is not ground for a new trial
unless specific instructions, good in point of law and ap-
propriate to the evidence, are requested and refused. This
rule, however, has been referred to in two opinions in this
court. In the case of Union Pac. Ry. Co. v. Jarvi, 3 Wyo.
375, it was said in the opinion by Judge Corn, and concur-
red in by Chief Justice Van Devanter, in referring to this
rule from Thompson: ''But the rule as stated by Thomp-
son, even if applicable to this case, is not the rule in this
jurisdiction Subdivision 5, §2553, Rev. Stat. of Wyom-
ing, provides that in civil cases 'before the argument of
the case is begun, the court shall give such instructions
upon the law to the jury as may be necessary;' and his
duty to do this is not excused by the failure of counsel to
request 'specific instructions, good in point of law, and
appropriate to the evidence.''' In the case of Hay, Ex-
ecutor, v. Peterson, 6 Wyo. 419, on page 441, Chief Justice
Groesbeck stated this rule of Thompson with approval,
but as no reference is made to the Jarvi case where this

rule is disapproved, we must assume that that case was not called to the court's attention when considering the Hay case. However, having the two cases in this court holding diametrically opposite to each other in regard to this rule, we would be inclined to follow the holding of Judges Corn and Van Devanter in the Jarvi case rather than the mere statement of the rule from Thompson in the Hay v. Peterson case. This court, in Parker v. State, 24 Wyo. 498, on page 500, said: "However, if it clearly appears from the record that such fundamental and prejudicial error has been committed as to amount to a denial of substantial justice, or to deprive the defendant of a fair trial, the court should not hesitate to reverse the judgment and grant a new trial, although proper exceptions were not taken at the time." And in the case of Chama v. State, 24 Wyo. 513, where no exceptions were taken, this court reversed the case for fundamental errors preventing the defendant from having a fair trial. It has been considered in a number of jurisdictions that the failure to instruct on the law of circumstantial evidence when the case was one wholly dependent on such evidence, was fundamental error, so as to require a reversal, even when no exception is taken to such failure of the trial court. In Utah, the statute governing instructions in criminal cases is subdivision 6, §5033, Vol. 2, Compiled Laws of Utah, and is as follows:

"The judge may then charge the jury, and must do so on any points pertinent to the issue if requested by either party; and he may state the testimony and declare the law; and in each case he shall inform the jury that they are the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts. If the charge be not given in writing, it must be taken down by the phonographic reporter."

This can hardly be said to be as strong as our statute, but the supreme court of Utah in People v. Scott, 37 Pac. 335, on page 336, said:

"When the testimony in a criminal case is entirely of a circumstantial character, as it was in this case, and a request is made to charge upon the subject of circumstantial evidence, but such request is erroneous, it is still the duty of the court to give the law upon the subject. (Comp. Laws, § 5033, subd. 6; People v. Murray, 72 Mich. 10, 40 N. W. 29; Ward v. State, 10 Tex. App. 293; Crowell v. State (Tex. App.) 6 S. W. 318; Willard v. State, (Tex. App.) 9 S. W. 358; Crowley v. State, (Tex. App.) 10 S. W. 217; Barr v. State, 10 Tex. App. 507.) In a criminal case the court should see that the case goes to the jury in a clear and intelligent manner, so that they may have a correct understanding of what it is that they are to decide, and it should state to them fully the law applicable to the case. It is to the court that the accused has a right to look to see that he has a fair trial. Circumstantial evidence may be quite as conclusive as direct evidence, but it is incumbent upon the prosecution, not only to show by a preponderance of evidence that an offense was committed, and that the alleged facts and circumstances are true, but they must also be such facts and circumstances as are incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than the defendant's guilt. The chain of circumstances must be complete and unbroken. A jury of inexperienced laymen could hardly be expected to apply the rules applicable to this class of testimony without some assistance from the court"

And, again, in State v. Romeo, (Utah) 128 Pac. on page 538, it is said:

"The rule obtains in this jurisdiction that in a criminal case, when the evidence on the part of the prosecution is alone of a circumstantial character, it is the duty of the court to state to the jury the rules applicable to that kind of evidence. (People v. Scott, 10 Utah 217, 37 Pac. 335; State v. Brown, 115 Pac. 996.) This for the reason that a

jury of inexperienced laymen without assistance from the court could hardly be expected to properly apply the rules applicable to that kind of evidence, and, if not so instructed and warned, there is danger of incorrect inferences and illogical conclusions from jurors.''

In the note to Beason v. State, 69 L. R. A. on page 217, in reference to the necessity for such instructions, it is said:

''The rule would appear to be that a failure so to instruct the jury whether requested or not is material error with the exception of a single case.'' and cites Hamilton v. State, 96 Ga. 301, 22 S. E. 528; Hunt v. State, 7 Tex. App. 212; Barr v. State, 10 Tex. App. 507; Ward v. State, 10 Tex. App. 293; Ray v. State, 13 Tex. App. 51; Leftwich v. State, 34 Tex. Cr. Rep. 489; 31 S. W. 395; People v. Scott, 10 Ut. 217, 37 Pac. 335; Polanko v. State, 33 Tex. Cr. Rep. 634, 28 S. W. 541. In 97 Am. St. Rep., in a note to State v. Hudson, on page 790, it is said:

''In order to secure justice it is the duty of the trial judge, even without request, to instruct the jury as to this kind of evidence, where the case is based entirely thereon. (Hamilton v. State, 96 Ga. 301, 22 S. W. 528; State v. Elsham, 70 Iowa 531, 31 N. W. 66; State v. Brady (Iowa) 91 N. W. 801; McDowell v. Commonwealth, 4 Ky. Law Rep. 353; Territory v. Lermo, 8 N. Mex. 566, 46 Pac. 16; Struckman v. State, 7 Tex. App. 581; Barr v. State, 10 Tex. App. 507); and a failure to charge thereon is reversible error; (Polanka v. State, 33 Tex. 7r. App. 634, 28 S. W. 541; Willard v. State, 26 Tex. App. 126, 9 S. W. 358; Hanks v. State, (Tex. Cr. App.) 56 S. W. 922); whether excepted to at the proper time or not; (Connor v. State, 17 Tex. App. 1).''

In State v. Brady, (Iowa) 91 N. W. 801, the court said: on page 806:

''In submitting a case in which the question of guilt depends entirely upon circumstantial evidence, the jury

should not be given loose rein, but should have careful direction as to the quantom of proof which will justify a conviction.   (State v. Johnson, 19 Iowa 230; People v. Cunningham, 6 Parker Cr. Rep. 398; Dreessen v. State, 38 Nebr. 375, 56 N. W. 1024).''

In State v. Miller, (Kan.) 114 Pac. 855, the court said:

''Although the particular instruction requested was faulty, as pointed out in the former opinion, it was as said in a recent case, 'sufficient at least to challenge the court's attention to the only defense upon which (appellant) relied,' and in support of which there was some substantial evidence offered.   (State v. Turner, 83 Kans. 183, 109 Pac. 983.)   As no instruction was given which in any manner stated the law in reference to appellant's sole defense, the error must be regarded as prejudicial.''

In Welland v. State, (Tex.) 9 S. W. 359, it is said:

''The conviction is based wholly upon circumstantial evidence, and the court having failed to instruct the jury with regard to that character of evidence committed error for which the conviction must be set aside.''

In Cowley v. State, (Tex.) 10 S. W. 217, the court said:

''There is no evidence that is not circumstantial and connects him with the original taking of the animal.   Such being the character of the evidence, the trial court committed a material error in failing to charge the jury with reference to circumstantial evidence, and for this error alone the judgment is reversed and the case remanded.''

In Crowell v. State, (Tex.) 6 S. W. 319, the court said:

''It is only proved circumstantially and the case is therefore one resting solely upon circumstantial evidence. This being the character of the evidence, it is material error to omit to charge the jury upon the rules relating to circumstantial evidence.''

In a recent case in Tennessee, in connection with a discussion of the necessity of an instruction as to the weight to be given to a dying declaration in a homicide case al-

though not requested, the court referred to the rule in that state requiring an instruction upon circumstantial evidence by saying: "It has been held by this court to be error not to instruct the jury with respect to circumstantial evidence, where the case is dependent entirely upon circumstances." (Pearson v. State, 226 S. W. 538.)

This case is reversed for lack of evidence to connect the defendant with the taking or asportation of the wheat, but we give our views on the question of instructions regarding circumstantial evidence where such evidence is wholly relied upon for conviction as a guide in case of a new trial of this case, and in other such cases in the state, and we believe that the courts should, in such cases, instruct on the law regarding circumstantial evidence whether requested to or not, as being fundamental to the defendant's having a fair trial, such as the constitution and laws guarantees to him.

But to justify a reversal for an absolute failure to give such an instruction, where it appears that there was otherwise a fair trial, it should be found to have been prejudicial, and, as a general rule, there should be an exception properly presenting the question.

Reversed and remanded for new trial.

POTTER, C. J., and KIMBALL, J., concur.