The STATE of Wyoming, Plaintiff,

v.

Mike Wyatt RIDEOUT, Defendant.

No. 3681.

Supreme Court of Wyoming.

Feb. 18, 1969.

James E. Birchby, County and Pros. Atty., James N. Wolfe, Deputy County & Pros. Atty., Sheridan, for plaintiff.

E. E. Lonabaugh, of Lonabaugh & Lonabaugh, Sheridan, for defendant.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Under the provisions of §§ 7–288 to 7–291, W.S.1957, the County Attorney of Sheridan County claims error of the trial court (a) in directing a verdict of acquittal for insufficiency of evidence upon which to find defendant Rideout guilty of negligent homicide and lesser included offenses and (b) for refusal to allow the coroner to testify as to what defendant said concerning the speed of his vehicle at the time of the fatal accident.

In the justice court the State had charged three counts, one under § 6–58, W.S.1957 (manslaughter), a second under §

31–232, W.S.1957, C.1967 (negligent homicide), and a third under § 31–125, W.S.1957, C.1967 (reckless driving). Following his being bound over to the district court, the defendant challenged this format by a motion to quash and a motion for bill of particulars. The court ruled on the former, requiring an election between manslaughter and negligent homicide and ordering deletion of the third count as a lesser offense, whereupon the State filed an amended information charging negligent homicide under § 31–232 and, without an order requiring same, also filed a bill of particulars delineating the reckless disregard as "by continuing to drive his said vehicle towards the City of Sheridan, Wyoming after he had gone to sleep while driving said vehicle and had driven said vehicle off of the road and into a ditch on the Beckton-Dayton Farm Road at approximately 4:00 A.M. * * * and thereafter, in a very sleepy condition, continuing to drive his car (which had become difficult for him to steer) on the said Beckton-Dayton gravel road and then east on the * * Big Goose Highway for approximately two miles where he drove his car off of the said highway into the south borrow-pit for a distance of approximately 200 feet at which time his said car traveled up onto and across the oiled pavement into the north borrow-pit of said highway where * * * Robert J. Gorzalka was thrown from said vehicle and the same was driven over him by said Mike Wyatt Rideout."

Two circumstances must be borne in mind in the consideration of the claimed errors:

1. This court has historically been most reluctant to resolve a matter under the statutes allowing a bill of exceptions by a prosecuting attorney unless it would lead to a determination of law which might govern a future case.

2. When facts are detailed in a bill of particulars the one furnishing such bill will be confined by the court to the proof of the facts so specified. Braatelien v. United States, 8 Cir., 147 F.2d 888, 892; United States v. Brennan, D.Minn., 134 F.Supp. 42, 53, affirmed 240 F.2d 253, certiorari denied 353 U.S. 931, 77 S.Ct. 718, 1 L.Ed.2d 723.

In that climate, we turn to the wording of the statute under which the defendant was finally charged, § 31–232: "(a) When the death of any person ensues within 1 year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide." [1]

The meaning of the key words of the section, "in reckless disregard of the safety of others," is vital. We have had no previous occasion to interpret their meaning in this statute since it is a matter of common knowledge that prosecuting attorneys ordinarily utilize the manslaughter statute in situations where death has occurred in the unlawful use of a motor vehicle.[2] However, such words have many times been discussed, analyzed, and defined by other courts. Throwing some light on the meaning of this axial phrase is State v. Park, 17 Utah 2d 90, 404 P.2d 677, 678, which dealt with a conviction of negligent homicide under a statute with provisions identical to § 31–232(a), holding inter alia:

"The term 'reckless disregard of the safety of others' of course implies a much greater dereliction in hazarding the safety of others than ordinary negligence.

[1] Section 11–903, UVCA, on which Wyoming's statute was patterned was substantially revised in 1962 and now provides, "(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle * * * or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death." Wyoming, however, has not yet effected any change to conform to this revision.

[2] In the instant case the complaint in the original count one was limited to the acts of culpable neglect and criminal carelessness.

However, it does not require any intent to do harm either generally, or to the victim in particular. What is essential is that it be shown beyond a reasonable doubt that the defendant drove in a manner that he knew, or should have known, was highly dangerous to others, and that he did so intentionally, or heedlessly, with a careless indifference to the consequences. This court has said that the 'doing of an act fraught with the potentiality of producing death amounts to such a reckless disregard for the safety of others' that it will justify a conviction of this crime."

Section 500, 2 A.L.I. Restatement, Torts 2d (1965), defines "reckless disregard of safety" as:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

The rationale of this definition is well explained in the succeeding comment, pp. 587–590.

The pivotal words of § 31–125,[3] "willful or wanton disregard for the safety of persons or property" were considered in Norfolk v. State, Wyo., 360 P.2d 605, 607, and it was observed that willful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a probable (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result. Any comparison of "reckless driving" in § 31–125 with "reckless disregard of the safety of others" in § 31–232 is not required here since the burden of the State to show "willful or wanton disregard" under the former could scarcely be less than its burden under the latter.

Cognizant of the noted holdings, we turn to the specific arguments of the county attorney here concerning the error charged against the trial court, basically the direction of the verdict of not guilty because of insufficiency of the evidence. The county attorney in brief and argument discusses numerous aspects of the case and alludes to various rules with authorities which purport to substantiate the contentions. However, it would seem that the main argument before us is that circumstantial evidence may be sufficient to prove to a jury the essential elements of a crime and that such body's prerogative of determination should not be unduly interfered with by the court. Counsel recognizes that the court may properly instruct the jury not to convict if they find the circumstances and inferences therefrom to be as consistent with the innocence of accused as with his guilt; but he says that here instead of so instructing and allowing the jury to decide, the court resolved the matter itself and thereby invaded the province of that body. In attempting to fortify his position, he directs attention to Judge Blume's remarks in the Norfolk case, 360 P.2d at 608, that "reckless driving" depends upon "the facts and circumstances" in a particular case. We think such statement must be kept in correct perspective. It is well settled that it is the duty of the court in a criminal jury case to direct an acquittal when there is no substantial evidence or insufficient evidence of guilt of the accused; or stated another way, if the evidence is not sufficient to sustain a verdict against a motion for a new trial, the accused is entitled to have the jury instructed to render a verdict of acquittal. 5 Wharton's Criminal Law and Procedure § 2075, pp. 231–232 (1957). Furthermore, as to circumstantial evidence in a criminal case, evidence creating a mere probability of

3. Section 31–125 reads, "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

guilt is not sufficient; much less is evidence which gives rise to mere suspicion or conjecture of guilt. State v. Paulas, 74 Wyo. 269, 286 P.2d 1041, 1046; Gardner v. State, 27 Wyo. 316, 196 P. 750, 751, 15 A.L.R. 1040. The gravamen of the offense in the instant case as limited by the bill of particulars is the driving while in a sleepy condition of a car difficult to steer. On that point, the county attorney himself admits there is no direct testimony of defendant's sleepiness at the time of the fatal accident and that the only evidence is circumstantial. It is uncontroverted that Rideout, although indicating he had fallen asleep earlier and gone off the graveled road into a ditch, had then walked about a quarter of a mile in the cool morning air to get assistance. After a rancher pulled his vehicle out, he continued on the graveled road to the oiled highway, this taking apparently only a minute or two. When he started driving on the highway, he noticed the car was steering hard. An investigating patrolman testified that from the point where the car turned onto the highway it continuously left a black mark on the pavement. Rideout said that after noticing the difficulty with the steering he and the deceased agreed to try to limp on into Sheridan, a distance of about nine miles. The car, however, again left the highway, the patrolman testifying that Rideout said to him he thought it was gravel in the wheel that caused it to pull off the road. The vehicle went into the right borrow pit, came back onto the highway, skidded across it, and then went into the borrow pit to the left of the road. Although the car received little damage, and the seat belts were not broken or damaged in any way, Gorzalka was apparently thrown from the vehicle and after it had stopped was found on the ground with his right shoulder pinned under the right rear wheel. He died because of hemorrhage from the laceration of the axillary artery and veins in the right shoulder.

■ The circumstances disclosed by the record are insufficient to establish the sleepiness of defendant at the time of the accident beyond a probability and while the trial courts are reluctant to instruct not guilty verdicts because of insufficiency of evidence and properly so,[4] we find no abuse of the court's discretion in so doing here.

■ The second charge of error is that the court incorrectly refused to allow the coroner, Ferries, to testify concerning a statement of defendant to him about the speed at which defendant was driving at the time of the accident. One of defendant's objections to the testimony of the coroner, which the State's offer of proof indicated would disclose that defendant had at the scene of the accident said he was traveling 50 to 60 miles per hour just prior to the mishap, was that the bill of particulars contained nothing about speed. This objection was valid since, as we earlier mentioned, the State is confined to proof of facts specified in the bill of particulars, and accordingly, no error resulted from this rejection.

■ Although the county attorney says that the direction of the verdict precluded any consideration by the jury of the lesser included offense of driving on the wrong side of the road (§§ 31–99 and 31–103, W.S. 1957, C.1967), this was not mentioned at the trial, and we find no occasion to consider matters not urged before the trial court. Thickman v. Schunk, Wyo., 391 P.2d 939, 943; Espy v. State, 54 Wyo. 291, 92 P.2d 549, 555.

Exceptions overruled.

---

4. State v. Thierfelder, 114 Mont. 104, 132 P.2d 1035, 1040; State v. Corrigan, 4 Conn.Cir. 190, 228 A.2d 568, 569.