Larry W. **MULLIGAN**, Appellant,

v.

**STATE** of Wyoming, Appellee.

Donald Ray **RICHARDSON**, Appellant,

v.

**STATE** of Wyoming, Appellee.

Nos. 4202, 4203.

Supreme Court of Wyoming.

Aug. 16, 1973.

Donald E. Chapin, Casper, for appellant Larry Mulligan.

Claude W. Martin, Casper, for appellant Donald Ray Richardson.

Clarence A. Brimmer, Atty. Gen., and Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

Each of the defendants named above was charged in district court with unlawful possession of a controlled substance (marihuana). The two cases were tried together, to the court without a jury. Both defendants were found guilty by the trial judge and given sentences. Both have appealed and their appeals are considered together.

The question we are concerned with is whether there was sufficient evidence for the conviction of defendants. It is apparent from the record that the trial judge had misgivings about his finding of guilt. In announcing his decision he stated the law in his opinion would readily support a decision either way and that the facts were similarly close. He recognized that the evidence proved many people were present and controlled substances and devices used with such substances were in the possession of persons other than defendants. It would appear from the letter announcing his decision that the trial judge was influenced to some extent by a lack of explanation from the defendants.

A basement apartment, rented by defendant Richardson some ten days previously, in which admittedly defendants and a third person, David Kidder, lived, was searched

by police on July 23, 1971, pursuant to a search warrant. This search led to the discovery of three foil-wrapped packets about the size of the first joint of one's little finger. These packets were in a saucer on the dresser of the only bedroom in the apartment. According to a laboratory analysis, the packets contained marihuana. Also, in the living room of the apartment officers found against the wall a plastic sandwich bag on the floor between a record player and a record rack. There was testimony that this bag contained marihuana.

The officers conducting the search apparently initially encountered the defendants in the yard outside the apartment. The search warrant was served on Mulligan, and Richardson and Kidder accompanied the officers to the apartment, indicating that they lived there. However, the record contains nothing as to when they had last been in their living quarters, in which at the time of the search there were at least ten people other than the defendants and officers.

Police searched the persons of all people in the apartment. No question has been raised concerning the legality of these searches. In the purse of a woman guest a foil-wrapped packet was found. There was testimony that this packet contained a minute amount of marihuana. On one of the men guests a plastic sandwich bag and a coupling made into a pipe were found. There was testimony that the bag contained marihuana and the pipe had marihuana residue in it. Neither of the defendants can be said to have been in possession of items found on the persons of guests, and the state does not attempt to charge the defendants with such items.

The question for us to decide is whether it was proved beyond a reasonable doubt that defendants knowingly or intentionally possessed the contents of the packets found in the bedroom or the plastic bag found in the living room.[1] Of course, whatever evidence exists unfavorable to the defendants is circumstantial.

As to circumstantial evidence in a criminal case, we said in State v. Rideout, Wyo., 450 P.2d 452, 454–455, evidence creating a mere probability of guilt is not sufficient; much less is evidence which gives rise to mere suspicion or conjecture of guilt.

■ In our jurisdiction, the rule pertaining to circumstantial evidence has always been that, if a criminal charge is to be proved by circumstantial evidence, the proof must be not only consistent with the guilt of the accused but it must be inconsistent with any other rational conclusion.[2]

■ If the circumstances, no matter how strong, can be reasonably reconciled with the theory that some other person may have done the act, the defendant should not be convicted and a verdict of guilty should be set aside as contrary to law. Gardner v. State, 27 Wyo. 316, 196 P. 750, 751; Thompson v. State, 41 Wyo. 72, 283 P. 151, 157.

In State v. Haynes, 25 Ohio St.2d 264, 267 N.E.2d 787, 788, the court held that where the only evidence of possession was the police discovery of narcotics in the general living area of the apartment occupied by defendant and four others, such evidence was not sufficient to convict for possession.

In Sturgeon v. State, Okl.Cr., 483 P.2d 335, 338, it was held, where an unlawful drug is found in premises not occupied exclusively by the defendant, and nothing more is shown, the evidence is circumstantial and insufficient because it does not ex-

---

1. The defendants were charged with a violation of § 35–347.31(c), W.S.1957, 1973 Cum.Supp., which provides in pertinent part:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *."

2. Gardner v. State, 27 Wyo. 316, 196 P. 750, 751, 15 A.L.R. 1040; Horn v. State, 12 Wyo. 80, 73 P. 705, 725; Smith v. State, 40 Wyo. 128, 274 P. 1074, 1079; Thompson v. State, 41 Wyo. 72, 283 P. 151, 157; Northwest States Utilities Co. v. Ashton, 51 Wyo. 168, 65 P.2d 235, 238.

clude every reasonable hypothesis except that of guilt. Also, conviction was reversed in Thompson v. United States, D.C.C.A., 293 A.2d 275, 276, with the court commenting, someone in the apartment was in possession, actual or constructive, of the marihuana; but the evidence failed to make a showing beyond a reasonable doubt that appellant was that person.

In narcotic cases there is respectable authority for the proposition that if a person has control of premises on which drugs are found there is a presumption that he was in possession of the drugs. On the other hand, if possession is not shown to be exclusive, there must be other evidence to warrant such inference. One of the leading cases for this proposition is People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177, 179. It seems to be one of the most cited cases on the matter of possession.

The evidence in *Antista* established that the defendant did not have exclusive access to the apartment where marihuana was found because others also had access. The court therefore held, "without any other fact or circumstance of an incriminating nature," the presence of marihuana was legally insufficient to prove a charge of possession.

A more recent case and one which, like *Antista*, is frequently cited is Brown v. State, Okl.Cr., 481 P.2d 475, 477–478. It stands for the proposition that it cannot be inferred from merely being present in a place where marihuana is found that the defendant had knowledge of its presence and had dominion and control. Citing from *Antista*, that court considered it necessary for the state to prove either that the marihuana *belonged* to the defendant or that it had been left in his care by someone else.

The *Brown* court also referred to Petty v. People, 167 Colo. 240, 447 P.2d 217, 220, where a defendant's conviction for possession of marihuana found in an apartment shared with another was reversed for in-

sufficient evidence. Additional authorities were cited in support of a holding that joint possession of premises where drugs are found is insufficient to convict for possession of drugs.

The rule to be derived in connection with an inference of possession of narcotics from possession of premises is well stated in Feltes v. People, Colo., 498 P.2d 1128, 1131, in these words:

"* * * where a person is in possession, but not in exclusive possession of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference." [3]

The evidence in the case we are dealing with establishes clearly and without contradiction that neither Mulligan nor Richardson was in exclusive possession of the premises. Therefore, it cannot be inferred that they knew of the presence of marihuana and had control of it without proof of statements or other circumstances tending to buttress such inference. No such proof was offered by the prosecution.

A case entirely distinguishable from the one before us and one which indicates the kind of evidence needed for a conviction is People v. Nettles, 23 Ill.2d 306, 178 N.E.2d 361, cert. den. 369 U.S. 853, 82 S.Ct. 939, 8 L.Ed.2d 12. In that case the defendant was in an apartment at the time it was raided by narcotic officials and was asked if the narcotics found behind a door belonged to him. Three officers testified the defendant said, "Anything you find in the apartment is mine." What the court held in that case was that defendant's control of the premises gave rise to an inference of possession—

"* * * absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt." 178 N.E.2d at 363.

3. See also Spatara v. State, Fla.App., 179 So.2d 873, 877; Evans v. United States, 9 Cir., 257 F.2d 121, 128; and Watson v. State, Nev., 495 P.2d 365, 366.

It is of interest to note that the opinion in State v. Funk, Mo.App., 490 S.W.2d 354, 360–363, citing the *Nettles* case, assumes the law has developed a policy that a person in *exclusive* possession of premises will be deemed to have possession and control of drugs found on those premises. The opinion held, however, that if a defendant is not in *exclusive* possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.

█ We have not heard any claim on the part of the state that either Mulligan or Richardson was in exclusive possession of the premises here involved and there was no evidence to support such a claim. There is also a total absence of evidence pertaining to statements or circumstances which would tend to buttress an inference that either Mulligan or Richardson owned, controlled or possessed the particular narcotics charged against them. Their convictions must therefore be set aside.

Reversed.

---

* Mr. Justice McCLINTOCK was not a member of the court at the time of the